HERALDS OF LIBERTY *v.* JONES.[*]

(Division B. March 22, 1926.)

[107 So. 519. No. 25526.]

1. INSURANCE.

Evidence *held* to sufficiently show that insured was in good health when the contract of insurance against disability was entered into.

2. INSURANCE. *Presumption, stated by policy, that total disability for six months, preventing engaging in occupation, shall be "presumed" to be permanent, held conclusive.*

Under clause of policy, that disability shall be deemed to be total and permanent whenever member becomes totally disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation, and that such total disability shall be "presumed" to be permanent after he has been continuously so disabled for six months, the presumption is conclusive, making the insurance payable, though insured recovered subsequent to the six months.

---

[*]Corpus Juris-Cyc. References: Health Insurance, 29 C. J., p. 284, n. 8, New. Mutual Benefit Insurance, 29 Cyc. p. 231, n. 39 New; p. 244, n. 39.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by Walter W. Jones against Heralds of Liberty. Judgment for plaintiff, and defendant appeals. Affirmed.

*Ross & Backstrom* and *Geo. J. Edwards, Jr.*, for appellant.

I. *Plaintiff was not in good health at the time the certificate was delivered to him and it was never in force and effect for that reason.* Receipt of plaintiff's request for a new certificate was acknowledged by defendant in its letter of February 26, 1923, and the new certificate was transmitted to plaintiff with defendant's letter of March 21, 1923. The evidence also shows that on February 26, 1923, plaintiff was suffering from a nervous breakdown, and that his condition became such that on March 8, 1923, he was committed to the East Mississippi Insane Hospital at Meridian, Mississippi, where he remained in confinement until March 6, 1924. It is apparent, therefore, that he was not in good health when the certificate sued upon was delivered to him, and no liability under the certificate attached to defendant. 14 R. C. L., sec. 78, p. 900; *Gordon* v. *Prudential Life Ins. Co.*, 231 Pa. 404; *Landy* v. *Phila. Life Ins. Co.*, 78 Pa. Super. Ct. 47; *Lee* v. *Prudential Life Ins. Co.*, 203 Mass. 299; *Rathbun* v. *New York Life Ins. Co.*, 30 Idaho 34; *Ebner* v. *Ohio State Life Ins. Co.* (Ind.), 121 N. E. 315; *Life, etc., Ins. Co.* v. *King*, 137 Tenn. 685; *Logan* v. *New York Life Ins. Co.*, 107 Wash. 253; *New York Life Ins. Co.* v. *Mason*, 115 Ark. 135; *Denton* v. *Kansas City Life Ins. Co.*, 231 S. W. 436; *Mutual Life Ins. Co.* v. *Mandelbaum*, 207 Ala. 234; *Wright* v. *Federal Life Ins. Co.* (Tex.), 248 S. W. 325.

II. *No proof of total and permanent disability was furnished to defendant or proved at the trial. The evidence conclusively shows that no total and permanent disability ever existed.* The plaintiff admits and the evidence shows that he was discharged from the hospital on March 6, 1924, and that he thereafter resumed his connection with the United States Post Office Department and was working for it at the time of the trial. The peculiar disability upon which plaintiff based his claim was

"insanity." If we insert the name of the disability in place of the word "disability," we find plaintiff alleging that he was "totally and *permanently* insane," and seriously contending for that as a fact in the face of an adverse declaration in the proof which he had submitted to the defendant and in the face of the actual fact that at the time of the trial he was working for the United States. He never had a permanent disability. For a time he may have been wholly disabled, but he was never permanently disabled.

III. *There can be no presumption of permanent disability in this case under any circumstances.* The plaintiff places much reliance on the provision that after six months' continuance of total disability it shall be presumed to be permanent; but see *Cory* v. *Spencer,* 67 Kan. 648; *Blaufus* v. *People,* 69 N. Y. 107, 111; *Dederick* v. *Wolfe,* 68 Miss. 500; 14 R. C. L., sec. 103, p. 931; *Crosse* v. *Supreme Lodge,* 254 Ill. 80; *Schuermann* v. *Ins. Co.,* 161 Ill. 437; *Guarantee Co.* v. *Bank,* 183 U. S. 402; *Ins. Co.* v. *Boon,* 95 U. S. 117; *Yoch* v. *Ins. Co.,* 111 Cal. 503; *Schroeder* v. *Ins. Co.,* 132 Cal. 18; *Coal Co.* v. *Ins. Co.,* 192 Ala. 42; *Kane* v. *Brotherhood of Trainmen,* 102 Neb. 645; *Crowell* v. *Ins. Co.,* 169 N. C. 35; *Sea* v. *Ins. Co.,* 132 Tenn. 673; *Stanyan* v. *Ins. Co.,* 91 Vt. 83; *Donahue* v. *Ins. Co.,* 37 N. D. 203; *Jones* v. *Casualty Co.,* 189 Ia. 678; *Bew* v. *Ins. Co.,* 95 N. J. L. 533; *Powers* v. *Ins. Co.,* 186 N. C. 336; *Bank* v. *Casualty Co.,* 142 Md. 454.

The undertaking is to pay for "permanent" total disability. Its plain object cannot be perverted and construed away by interpretations of clauses and terms of a purely administrative character.

*Davis & Hill,* for appellee.

Appellee and his wife both testified that the policy had been received before the appellee became ill on February 26; appellee said he signed the request and sent it in some time in November and received the new certifi-

cate some time in December perhaps or, at any rate, before he became ill. His wife testified that after her husband was sent to the asylum, she went through his effects and found said certificate, together with other policies and papers, and that all the papers were tied together with a string, thus showing that the said policy was in fact received by appellee before he was sent away on March 8. Since the plaintiff's testimony showed that the request and policy were received in December or before the appellee became ill, this was an issue of fact for the jury which was decided adversely to appellant, and the verdict of the jury cannot be disturbed.

This brings us to the principal point of controversy; that is, whether or not the appellee is entitled to the proceeds of the policy because of his recovery. According to our viewpoint, we do not see how it can be seriously contended that the insured is not entitled to his money when he established six months of total disability; but if there is any doubt about the meaning of the clause in the policy that total disability shall be presumed to be permanent after six months of continued incapacity, then we say that the appellant by its conduct is estopped to deny that it did not agree to pay the policy at the expiration of the six months' period.

The very argument advanced in appellant's brief demonstrates that the question of the permanency of the disability is settled after the insured is disabled for six months. Counsel says "the only reasonable and just conclusion that can be placed upon these words 'shall be presumed,' if there is any doubt about the matter, is that it was not intended that a member should be obliged to wait the rest of his life to see if the disability was permanent, or that he should be obliged to depend upon the opinions of physicians and other persons who might be qualified to pass upon the question, and whose opinions might be hard to obtain or expensive, and might be conflicting." It is because of these reasons that such a clause was inserted in this policy for the purpose of making the policy attractive to persons desiring insur-

ance. It is a matter of common knowledge that hundreds of cases arise wherein the most eminent of physicians, surgeons and experts disagree as to whether or not an injury or disability is permanent. It is a mere matter of opinion after all and, therefore, it is a question which the insurer may not raise or inquire into when six months' continuous disability has once been shown. This is so clear that it cannot be questioned.

Argued orally by *J. C. Ross*; for appellant.

HOLDEN, P. J., delivered the opinion of the court.

The suit is by the appellee, Walter W. Jones, to recover five hundred dollars for total and permanent disability under an insurance certificate issued by the appellant, Heralds of Liberty, who appeal from a judgment against it for that sum.

There are many assignments of error urged for reversal but we do not think any of them merit discussion except two, and they are, first, whether or not the certificate was issued and delivered to the insured, upon his application therefor, while in good health; and, second, whether or not the insured was totally and permanently disabled under the provisions of the certificate.

The facts in the case, as found by the jury and otherwise conclusively shown, are, in substance, as follows: In 1922 Heralds of Liberty began issuing new certificates which provided for the payment of five hundred dollars if the insured became totally and permanently disabled. Appellee, Jones, sent in his old certificate with the sum of one dollar, as required, and requested the issuance of a new certificate in the place of the old one. This request for an exchange of certificates was made February 12, 1923. The appellant, society, acknowledged receipt of the request and the remittance of one dollar, and advised the insured that:

"We have approved your request, and it is now going through for issuance. In view of the fact that we have had so many requests for exchange, there will be some

delay in issuing your certificate; however, it will be issued and forwarded to you as soon as possible.''

The new certificate, which bears date of February 12, 1923, was mailed by the appellant and received by the appellee during February, 1923.

The application for the new certificate makes no provision that the insured shall be in good health when it is delivered to him. However, some of the testimony offered by the plaintiff below shows that the request for the new certificate was made before February 12, 1923, and that the insured was in good health at the time the certificate was received by them. On February 26, 1923, the appellee became ill, and on March 8th following was sent to the insane asylum at Meridian, where he was continuously confined as insane for a period of one year, and was then discharged as cured. The appellee and his wife both testified that the certificate had been received before the appellee became ill on February 26th, and this testimony was considered and found to be true by the jury.

The insurance certificate contains the following clauses:

''The society further agrees to pay to the above-named member from the benefit fund the sum of five hundred dollars, in lieu of all other benefits mentioned herein, as a disability benefit, if the said member becomes totally and permanently disabled during the continuance of this certificate in full force and effect, subject to all the terms and conditions contained in the 'disability benefit' clause on the second page hereof. . . .

''Disability shall be deemed to be total and permanent whenever the member becomes totally disabled by bodily injury or disease so that the member is prevented thereby from engaging in any occupation whatsoever for remuneration or profit. Without prejudice to any other provision, such total disability shall be presumed to be permanent after the member has been continuously so disabled not less than six months and during all that

period incapacitated from engaging in any occupation for remuneration or profit.

"The permanent loss of the sight of both eyes, or the severance of both hands or both feet, or of two members, being one entire hand and one entire foot, shall constitute permanent total disability within the meaning of this clause.

"This certificate will not bind the society and will not be in force and effect, unless at the time of its delivery to the member, in whose name it is issued, said member is in good health. After the delivery of this certificate to the member during good health, then and thereafter this certificate shall be incontestable, solely on the grounds of occupation, residence, or travel, but not otherwise, provided the said member shall have complied with all its other requirements."

The contention of appellant is, first, that no recovery can be had under the certificate because the insured was not in good health at the time of the issuance and delivery of the certificate; and, second, that there is no liability under the total and permanent disability clause, because the proof shows that the insured was not totally and permanently disabled, since he recovered from the mental disease of insanity after a total disability of one year on account thereof, and that the permanent disability clause above only means that the burden of proof is shifted to the insurer as to permanency where the insured was totally disabled for six months.

On the first proposition we think the testimony in the case sufficiently shows that the insured was in good health at the time the contract of insurance was entered into under the new certificate. Whether or not the insurance contract was complete when the insurer received the one dollar and approved the application of the insured for the new insurance certificate dated February 12, 1923, and was equivalent to a delivery of the policy on that date, at which time the insured is shown to have been in good health, we consider unnecessary to decide, because the oral testimony in the case is to the effect that

the new certificate was received by the insured while he was in good health, regardless of the date of its issuance or delivery. Therefore the contention in this regard is untenable.

As to the liability of the appellant under the total and permanent disability clause of the certificate, we are unable to agree with the construction placed upon that provision by counsel for the appellant. We think the clause means that the ''disability shall be deemed to be total and permanent whenever the member becomes totally disabled by bodily injury or disease (for any length of time), so that the member is prevented thereby from engaging in any occupation whatsoever for remuneration or profit,'' and ''such total disability shall be presumed to be permanent after the member has been continuously so disabled for not less than six months and during all that period incapacitated from engaging in any occupation for remuneration or profit.''

It is our opinion that the provision means exactly what it says; that is, when it is shown that the insured was totally disabled continuously for a period of six months, then his total and permanent disability is conclusively presumed, and the principal sum named in the certificate is due to him immediately at the end of such period of six months of total disability, regardless of whether he should thereafter recover. If the clause does not bear this intention, then it seems to us that it would be nearly useless to put it in the certificate. Therefore the insured in this case was entitled to the five hundred dollars named in the certificate, at the expiration of six months continuous total disability (while insane), and the cause of action accrued to him at that time, notwithstanding a subsequent mental recovery by him.

The language of the provision in question, when considered as a whole, clearly states that, whenever the member is totally disabled by bodily injury or disease so that he cannot engage in any occupation for a period of six months, his disability shall be ''deemed'' and ''presumed'' to be total and permanent. The words

are used here, we think, in the sense that the fact of such total disability for six months shall finally adjudge or conclusively presume the other fact that the disability is permanent, and such decision cannot be reopened or set aside by showing that the insured recovered from the disability at some later date; the inquiry is closed.

Any other interpretation than the above would leave the question of permanent disability open indefinitely. For instance, suppose at the end of the six months total disability in this case, at which time the right of the insured to collect the five hunderd dollars accrued, the amount had been paid to him, could the insurer recover it at a subsequent date when the insured had recovered from the disability? We think not. The provision does not so intend.

In view of the above conclusions, we think the judgment of the lower court was correct, and it is therefore affirmed.

*Affirmed.*