JAMES M. PAUL, APPELLANT, v. MISSOURI STATE LIFE INSURANCE COMPANY, RESPONDENT.—52 S. W. (2d) 437.

Kansas City Court of Appeals. August 26, 1932.

*Crawford & Harlan* for appellant.

*Allen May, Jourdan & English, Montgomery & Rucker* and *John T. Martin* for respondent.

ARNOLD, J.—This is an action to recover upon the total permanent disability clause in a life insurance policy issued by defendant to plaintiff on October 1, 1927, under a group insurance arrangement with the Missouri Pacific Railroad Company, by whom plaintiff was employed as a boiler maker's helper. Under a stipulation the cause was tried to the court without the aid of a jury and resulted in judgment for defendant. A motion for new trial was overruled and plaintiff appeals.

There was an agreed statement of facts upon which the cause was submitted to the court without further testimony. It was agreed that at all times mentioned in the petition the defendant was a cor-

poration, duly organized and existing under the laws of Missouri and engaged in writing life, health, disability and other insurance in this State; that plaintiff was a resident of Pettis county, Missouri, and that, as stated in the petition, a certificate of insurance was issued to him; that at the time of the accident in question, plaintiff was in the employ of the Missouri Pacific Railroad Company in Sedalia, Pettis county, Missouri; and

"It is further agreed that on or about the first day of October, 1927, the defendant, the Missouri State Life Insurance Company, under and subject to the terms and conditions of Group Policy, G-2377, issued and delivered to the Missouri Pacific Railroad Company, the employer of the plaintiff herein, made, executed and delivered to the plaintiff, James Monroe Paul, a certificate of insurance, Certificate No. 6485 which said certificate is attached hereto and made a part hereof and that on or about the 19th day of December, 1928, and while said policy and certificate were in full force, plaintiff while engaged in his duties as an employee of the Missouri Pacific Railroad Company in Sedalia, Missouri, and while descending from the upper portion of a locomotive upon which he was working, came down upon a tool known as a rivet heating tong, in such manner that one of the prongs of said tool was forced into his body between the rectum and lower end of his spine for a distance of about four inches; that as a result of said injury plaintiff was confined in the hospital or under the control of the Missouri Pacific Hospital and under the care of doctors and physicians, from the 19th day of December, 1928, until about the 15th day of June, 1930, and during all of said time was unable to pursue any gainful occupation; and before having attained the age of sixty years, because of said injury, was so disabled by said injury, that he was then wholly prevented thereby from engaging in any gainful occupation for a period of eighteen months, and that said disability existed for a period of six months and more, and during and at the expiration of the six months said disability was of such a character that the physicians in charge were unable to determine how long the disability would continue; that due proof of said disability was made to said company and accepted by said company, and that plaintiff has performed all the terms and conditions of said contract on his part and has demanded payment of the sum of $2,000 representing said sum payable under said contract, but that defendant has refused to pay said sum or any part thereof, and has denied liability under said contract; that on or about the 15th day of June, 1930, plaintiff resumed work as a boiler maker helper for the Missouri Pacific Railroad and has since said time been so engaged and employed."

The only problem presented to the trial court was whether plaintiff's disability, being total and lasting for approximately eighteen months, and being total and of indefinite duration for six months, and more, as set out in the agreed statement, constituted a disability within the terms of the certificate, entitling plaintiff to payment of the benefits named therein.

The total permanent disability clause, upon the terms of which this action is based, is as follows:

"If the employee shall furnish the company with due proof that before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay to the employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the employee at the time of the approval by the company of the proofs as aforesaid.

. . . . . .

"In addition to or independently of all other causes of total and permanent disability the company will consider the entire and irrecoverable loss of the sight of both eyes, or the loss of use of both hands, or both feet, or of one hand and one foot as total and permanent disability within the meaning of this provision."

We have omitted from the quotation of this clause the part giving insured the right to receive in settlement, instead of a lump sum, the same amount in monthly installments, together with interest earnings. Inasmuch as plaintiff asked for the lump sum, the omitted part has no bearing on the question here involved.

It is insisted the court erred in finding for defendant, under the facts and the law. It is plaintiff's position that his disability having lasted for approximately eighteen months, during all of such time being total and preventing his engaging in any gainful occupation, and being of indefinite duration during and at the end of six months, was such a disability as to come within the terms of his certificate. On the other hand, defendant contends that plaintiff, in order to make out a case entitling him to a recovery under the policy, must prove that before reaching the age of sixty years, he had become totally and permanently disabled by bodily injury or disease, and that he then was, and at all times thereafter would be wholly prevented from engaging in any gainful occupation, and that such disability had existed for six months; that plaintiff's proof failed in that he only proved a temporary disability which had ceased at the time of the trial to the extent that he was then and had

been able to work as a boiler maker's helper. Thus it is shown this appeal hinges upon the oft-disputed question of what is a total permanent disability, as contemplated by the provisions of the individual policy under discussion. Plaintiff insists permanent disability does not mean the disability must last for life, but only that it must be of indefinite duration. In this position, plaintiff is supported by ample authority. [32 C. J. 519, par. 13; Grinnell v. Ins. Co., 237 N. Y. 554; Hascall v. University (N. Y.), 8 Bar. 185; Texas, etc. R. Co. v. Marshall, 136 U. S. 393, 34 L. Ed. 385; Lord v. Goldberg, 81 Cal. 596, 22 Pac. 1126.]

It is further insisted by plaintiff that the language of the certificate in issue indicates, by words of a qualifying nature, that the disability to be permanent needs not necessarily last forever in order to authorize payment thereunder. This contention is based upon the following language contained in the total permanent disability clause:

". . . . he or she has become totally and permanently disabled by bodily injury or disease and that he or she is then and will be at all times thereafter wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay to the employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder," etc.

Plaintiff urges that, reduced to its last analysis, this appeal involves the single question of whether plaintiff's disability, lasting for eighteen months, during which time he was unable to perform any work, and the nature of which for six months and at the end of six months and more, was such that the physicians who were treating him could not "determine how long the disability would continue," as stated in the stipulation. Plaintiff bases his claim primarily upon the premise that his disability was, in legal contemplation, both total and permanent, pointing out that the stipulation admits plaintiff's disability was such that the physicians in charge were unable to determine how long it would continue; that it was of the same character during and at the end of six months. In other words that the disability was of indefinite duration; that no one could tell when, if ever, it would end; and that this constitutes a permanent disability in an insurance policy under the law.

The authorities are not in conflict as to what constitutes permanent disability. The general rule in this respect is laid down in 32 C. J., page 519, par. 13, as follows:

"A permanent injury, as distinguished from a temporary or continuing injury, is one of such character, and existing under such circumstances, that it would be presumed to continue indefinitely."

And in 3 Bouv. Law Dict. 2568, it is said:

"This word (permanent) does not always embrace the idea of absolute perpetuity. [Hascall v. University (N. Y.), 8 Barb. 185; or forever, or lasting forever, or existing forever; Texas, etc. R. Co. v. Marshall, 136 U. S. 393, 10 Sup. Ct. 846, 34 L. Ed. 385; Bassett v. Johnson, 2 N. J. Eq. 155.]"

"The word 'permanent' is not equivalent to 'perpetual' or 'unending' or 'lifelong' or 'unchangeable.' [Soule v. Soule, 87 Pac. 205, 208, 4 Cal. App. 97 (citing Bishop, Mar., Div. & Sep., par. 1386; And. Law Dict., q. v.; Abbott Law Dict.; Bouv. Law Dict.).]"

" 'Permanency' in the legal acceptation of the term, does not include the idea of absolute, but only of practical, irremediability. [Coleman v. Bennett, 69 S. W. 734, 737, 111 Tenn. 705; 3 Words & Phrases (2d) 968.]"

The certificate in issue must be held to contain words of a qualifying nature and under a proper construction, the language does not imply permanency, and the disability need not necessarily last forever. It was so held in Penn. Mut. Insurance Co. v. Milton, 23 S. W. 140, and in Heralds of Liberty v. Jones, 142 Miss. 735, 107 So. 519.

Plaintiff has cited an opinion by this court (Laupheimer v. Ins. Co., 24 S. W. (2d) 1058), in which we discussed a clause in the policy then under consideration, identical in all essentials, with the one here involved. There is a slight difference between the Laupheimer case and the one at bar. In the former, we held that at the expiration of sixty days the indemnity became payable, while here, under the terms of the policy, it becomes payable after six months. In the Laupheimer case the company used words indicating payments should cease upon recovery of the injured person, but that was a life and disability policy. Here we have a policy which expires upon payment of the disability.

Defendant herein attempts to point out a material difference between the Laupheimer case and the one at bar, but we fail to see the force of the argument. It is stated that the policy in the Laupheimer case provided that upon proof the insured had been totally and permanently disabled for a designated period, the insurer would pay specific monthly benefits for as long time as the disability continued; that this court held the language showed an intention to pay for a disability which might not continue for life, and stated this language either modified the word "permanent" or raised an ambiguity which should be decided in favor of the insured. It is true that in the construction of contracts, it is the rule that the entire contract must be taken into consideration and its meaning determined from its four corners. Thus considering the contract here involved, we re-

vert to the language quoted above to the effect that if "he or she has become totally and permanently disabled by bodily injury or disease and that he or she is then and will be at all times thereafter wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay" etc. As in the Laupheimer case, by the incorporation of the six months clause in the certificate, defendant recognized the disability against which plaintiff was insured might not last for life. In accordance with defendant's analysis of the quoted clause, it is apparent that in its view the language requires the disability to be such that he (the insured) "will be at all times thereafter wholly prevented thereby from engaging in any gainful occupation." And if the certificate had ended there, we think there could be no question of the intent. By the clause following—

". . . and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay the employee in full settlement of all obligations thereunder, the amount of insurance in force thereunder . . ," there is injected into the contract an element of ambiguity. In such situation, the contract must be construed in favor of the insured. We held in Kimbrough v. Insurance Assn., 35 S. W. (2d) 654, 658:

"We are of opinion, and hold that the limiting clause in question is ambiguous; that it is subject to different interpretations, that it can in reason be construed to include the character of injury sustained by plaintiff . . ."

It is the law, and this is not disputed, that an insurance policy must be construed liberally in favor of the insured; and where a policy is susceptible of two interpretations, equally reasonable, the construction most favorable to the insured must be adopted. [See, also, Fidelity & Cas. Co. v. Meyer (Ark.), 152 S. W. 998; Thompson v. Trenton, etc. Co., 73 Atl. 410, 77 N. J. L. 672; Rathbun v. Indemnity Co., 184 N. W. 903, 107 Nebr. 18.] We hold the trial court erred in finding for defendant. The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff in accordance with this opinion. All concur.