[Civ. No. 3757. Second Appellate District, Division One.—November 30, 1921.]

## FRANCIS M. PARKER, Respondent, v. WILLIE O. PARKER, Appellant.

[1] DIVORCE — OFFENSE OF HUSBAND — FUTURE SUPPORT OF WIFE — AUTHORITY OF COURT.—Where a divorce is granted for misconduct of the husband, the court is authorized, under section 139 of the Civil Code, not only to make proper division of the community property, but also to compel the husband to make suitable allowance for the future support of the wife.

[2] ID.—DECREE OF DIVORCE — FUTURE SUPPORT OF WIFE — LIEN ON PROPERTY AWARDED TO HUSBAND — EFFECT OF STIPULATION — ESTOPPEL.—Where in an action for divorce the authority of the court to impose a lien in favor of the wife upon a portion of the community property awarded to the husband as security for payments thereafter to be made by the husband to the wife was derived from the stipulation of the parties and not from any right of the court to impose upon the husband any duty to provide for her future support, and the payments provided for in the decree were a part of and only incidental to the division of the community property, the husband, having accepted the benefits of the decree, was estopped from denying the validity and efficacy of the lien so established, and the judgment became unchangeable to the same extent as any final judgment.

APPEAL from an order of the Superior Court of Los Angeles County modifying a decree of divorce. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Tobias R. Archer for Appellant.

John B. Nichols for Respondent.

CONREY, P. J.—By interlocutory decree of date November 25, 1912, it was determined that the plaintiff was entitled to a divorce from the defendant. This was followed by a final decree dated August 5, 1915, whereby the parties were divorced. In the interlocutory decree, which as to these terms was followed by the final decree, it was stated that the parties stipulated in open court that if a decree

for divorce should be awarded to either party, the court, instead of dividing the property of the parties between them, might provide for the separate maintenance of the defendant by awarding to her certain property for life, and that plaintiff pay defendant such monthly allowance and secure the same by a lien upon such property of the plaintiff as in the discretion of the court should seem proper. Pursuant to that stipulation, the court awarded to the plaintiff certain parcels of real property and other property, and awarded to the defendant for the period of her natural life certain described real property, with remainder over to the plaintiff. It was further ordered thereby that the plaintiff pay to the defendant the sum of fifty dollars per month during the remainder of her natural life, "and to secure the payment of said sum of fifty (50) dollars per month, a lien in favor of said defendant is hereby created and declared to exist upon the remainder over and interest of said plaintiff in said lot 30, Alcantara Grove Tract, above described, and also upon that real property situated in the county of Orange, state of California, more particularly described as lots 5, 6, 7 and 8 of the P. A. Stanton Tract, as per map recorded in book 5 at pp. 23 and 24, miscellaneous records of Orange County, California." In October, 1920, the plaintiff made application to the court for an order modifying the provisions of the decree of divorce relating to property rights of the parties, and asked that the cash payments of fifty dollars per month be discontinued and not further required, and that the lien in favor of the defendant on said lots in the Stanton Tract be released. The matter having been regularly heard upon the application and the affidavits filed on behalf of the respective parties, the court on November 22, 1920, entered an order denying the application of plaintiff for discontinuance of the monthly payments of fifty dollars. But the court further ordered that said lien to secure the said monthly payments to the defendant on said lots in the Stanton Tract be released. The defendant has appealed from all that portion of the order which orders the release of the lien on said lots.

[1] If the divorce had been granted by reason of misconduct of the plaintiff, the court would have been authorized, not only to make proper division of the community

property, but also to compel the husband to make suitable allowance for the future support of his wife. (Civ. Code, sec. 139.) This allowance cannot be made when the divorce is granted for the offense of the wife—only when it is for the offense of the husband. (*Ex parte Spencer*, 83 Cal. 460, 464 [17 Am. St. Rep. 266, 23 Pac. 395].) [2] If in this case the court had authority to impose a lien in favor of the defendant upon a portion of the community property awarded to the plaintiff, as security for payments thereafter to be made by the plaintiff to the defendant, that authority was derived from the stipulation made, and not from any right of the court to impose upon the plaintiff any duty to provide for the future support of the defendant. Having accepted the benefit of the decree so made in accordance with his own consent, we think that the plaintiff should be held to be estopped to deny the validity and efficacy of the lien thus established. The parties agreed that the provision thus made was in lieu of any other division of the property. If the plaintiff at the time of the award had objected that such payments to be made and such lien securing the same were outside the scope of the stipulation as made, it may well be that the court would have decided that the defendant was entitled to a larger portion of the community property in the division then about to be made. Having accepted the benefits of the stipulation and decree as thus made, the plaintiff should not now be permitted to be relieved from the burdens imposed upon his property by the decree. In the decree of divorce and in the interlocutory decree, the court attempted to reserve to itself the right to modify the decree and the allowance to be paid to the defendant, and the liens declared to secure the payment thereof. If this had been the allowance provided for by the statute to be paid to the wife in a divorce action where she is not the party in fault, it may be conceded that such allowance might thereafter be modified. But since the payments provided for in this decree were a part of and only incidental to the division of the community property, no reason appears why the judgment, when it became final, did not also become unchangeable to the same extent as a final judgment in any other action.

That part of the order from which the defendant has appealed is reversed.

Shaw, J., and James, J., concurred.