[Civ. No. 4880. First Appellate District, Division Two.—July 21, 1924.]

## CORNELIA H. HUGHES, Appellant, v. WILFRID K. HUGHES, Respondent.

[1] DIVORCE—ALIMONY—CONTRACT OF PARTIES—MODIFICATION OF INTERLOCUTORY DECREE—JURISDICTION.—The superior court, in an action for divorce, has jurisdiction to make, on the application of the husband, an order modifying an interlocutory decree by reducing the amount of maintenance awarded thereby, notwithstanding the fact that the parties have previously made an agreement settling their property rights wherein the husband agreed to pay to the wife a stipulated monthly sum until she shall remarry, it not being shown whether the court, in framing its decree, adopted, rejected, or ignored the agreement, or that the decree adopted its figures from, or was based on, the contract.

[2] ID.—ADMISSIBILITY OF CONTRACT.—On the hearing of a motion for a modification of an interlocutory decree of divorce by reducing the amount of maintenance awarded thereby, a contract settling the property rights of the parties wherein the husband agreed to pay the wife a stipulated monthly sum as an allowance was admissible.

[3] ID.—CONTRACT—FRAUD—JURISDICTION—APPEAL.—On such a hearing, the trial court, as it had not previously done so, had authority to hear and determine all questions as to whether the property settlement contract was invalid because it was tinctured with fraud or for any other reason; and on appeal from an order modifying the interlocutory decree, as the record does not show to the contrary, it must be presumed that the trial court properly determined those questions.

(1) 19 C. J., p. 272, sec. 617 (Anno.).   (2) 19 C. J., p. 324, sec. 752 (Anno.); 22 C. J., p. 302, sec. 337.   (3) 19 C. J., p. 324, sec. 752 (Anno.), p. 330, sec. 767.

APPEAL from an order of the Superior Court of Alameda County modifying an interlocutory decree of divorce. James G. Quinn, Judge. Affirmed.

1. Power of court to modify decree based on agreement of parties for alimony, notes, 13 Ann. Cas. 296; Ann. Cas. 1912C, 446. See, also, 1 R. C. L. 947.

2. See 10 Cal. Jur. 885; 10 R. C. L. 1138.

3. See 2 Cal. Jur. 873; 15 R. C. L. 877.

Right to modification of amount of alimony because of changed conditions, note, 44 L. R. A. (N. S.) 1026. See, also, 1 Cal. Jur. 1031; 1 R. C. L. 946.

The facts are stated in the opinion of the court.

McKee, Tasheira & Wahrhaftig for Appellant.

Arthur J. Dannenbaum for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against her husband to obtain a decree of divorce. The defendant did not appear, and on the twenty-third day of September, 1921, an interlocutory decree was entered against him. On the twenty-fifth day of September, 1922, a final decree was entered. In her complaint the plaintiff pleaded that $150 per month was a reasonable sum to be allowed her for permanent maintenance. In the interlocutory decree the trial court awarded that sum and it may be said in passing that the same award was repeated in the final judgment. On the twenty-first day of September, 1922, the defendant executed an affidavit alleging changes in his business affairs and his inability to pay more than $75 per month, and asked that the allowance be reduced to the amount last mentioned. Thereupon an order to show cause was issued, a hearing was had, and the permanent maintenance awarded in the interlocutory decree was modified as requested by the defendant. From the order modifying the interlocutory decree the plaintiff has appealed under section 953a of the Code of Civil Procedure.

[1] The appellant makes one point and that is that the trial court was without jurisdiction to make the order. To support that contention she calls attention to the fact that on the fifteenth day of August, 1921, the parties made an agreement in writing settling their property rights. In that behalf she calls attention to paragraph IV of the contract, which provides as follows: "And in further consideration of the premises said second party agrees to pay to said first party until she shall remarry the sum of $150 per month as an allowance, commencing on the 1st day of August, 1921, and payable on the first day of each and every succeeding month thereafter." Thereupon she contends that the trial court had no jurisdiction to make the order appealed from. We think she has misconceived her rights and that she confuses her contractual rights with the powers of the court. As clearly appears from the facts above stated, the contract

made by the parties is not involved in this litigation. To say that the trial court had no jurisdiction to make the order appealed from has no more support than to say that the trial court had no authority to enter an interlocutory decree of divorce. The trial court in making both orders obtained its jurisdiction from the statute. That jurisdiction was neither divested nor modified by the contract made by the parties. As to what right or rights the plaintiff has to-day under her contract, this court is expressing no opinion, but that matter can be determined only in a proper action based on that contract.

After the parties had made their contract if it had been in all respects a valid instrument either party could have presented the contract to the trial court in the divorce proceeding and under proper issues made by the pleadings could have asked the trial court to have adopted the provisions made in the contract theretofore made by the parties. The record shows that in her complaint the appellant pleaded the existence of the contract; but the record does not show whether the trial court, in framing its decree in that case, adopted the contract, or rejected it, or ignored it. The fact does appear that the amount of permanent maintenance agreed upon in the contract was the same as the amount fixed in the interlocutory decree. But it does not appear that the decree adopted its figures from, or was based on, the contract. [2] When the motion for the order appealed from was on hearing the contract was offered in evidence by the appellant and it was admitted. The ruling was as it should be, for every admission for or against either party was admissible, but the record does not show whether either party presented evidence to the effect that the contract was invalid because it was tinctured with fraud or for any other reason. [3] Conceding that such contentions were made, the trial court had the authority to hear and determine all such questions as it had not previously done so. (*Hogarty* v. *Hogarty,* 188 Cal. 625 [206 Pac. 79].) As the record does not show to the contrary, we must presume on this appeal that the court properly determined those questions.

We find no error in the record. The order is affirmed.

Nourse, J., and Langdon, P. J., concurred.