[Civ. No. 272. Fourth Appellate District.—March 3, 1930.]

W. P. JOHNSON, Respondent, v. CLARA C. JOHNSON, Appellant.

Strother P. Walton for Appellant.

Everts, Ewing, Wild & Everts, Dan F. Conway and C. L. Clark for Respondent.

MARKS, J.—On March 14, 1928, respondent was granted an interlocutory decree of divorce from appellant, which provided in part as follows:

"And it further appearing to the court that the parties hereto have mutually effected a settlement of their property rights wherein and whereby the defendant herein was given the sum of five thousand ($5,000.00) dollars in cash as and for a complete settlement and adjustment of her community interest and interests held in joint tenancy between the parties and the defendant having made, executed and delivered to plaintiff deeds to all real property held in joint tenancy between parties hereto or held as community property and having delivered to plaintiff a bill of sale of all furniture and personal property belonging to the parties hereto, save and except a certain bedroom set, a vacuum cleaner and two certain pictures, and the court having determined that said settlement of the property rights was just and equitable as between the parties hereto. Now, therefore, it is ordered, adjudged and decreed that the plaintiff above named is entitled to a divorce upon the grounds stated in his complaint, to-wit, extreme cruelty, and that the bonds of matrimony heretofore existing between the plaintiff and defendant should be dissolved, and it is determined that an interlocutory judgment of divorce should be entered in said action and said interlocutory judgment is hereby entered accordingly, and it further appearing to the court that the defendant is physically incapable of earning a livelihood by her own labors. It is further ordered, adjudged and decreed that plaintiff pay to the defendant as and for alimony the sum of one hundred ($100.00) dollars per month, payable on the 15th day of each and every month, commencing on the 15th day of March, 1928. It is further ordered, adjudged and decreed that the provisions hereinbefore recited as to the division and settlement of the prop-

erty rights between the parties hereto be and the same are hereby confirmed and approved.''

On July 13, 1928, respondent served and filed a notice of motion for a modification of the decree in so far as it provided for the payment of alimony to appellant. The motion was heard on July 20, 1928, and on August 15, 1928, the court made its order reducing the monthly payments from $100 per month to $40 per month. The appeal is taken from this order.

The record before us consists of the interlocutory decree of divorce, the notice of motion and the two affidavits used at the hearing, the order modifying the decree and a very brief bill of exceptions.

Appellant relies upon three grounds for a reversal of the order, namely: First, that respondent was in contempt of court at the time of the hearing and that, therefore, the trial court should not have considered his application for a reduction of the alimony; second, that the application was prematurely made, and third, that the portion of the decree awarding appellant alimony in the sum of $100 per month was entered by consent and was based upon contract and, therefore, could not be modified.

■ Under appellant's first specification of error it is admitted that respondent had not paid the $100 falling due on July 15, 1928. It does not appear that this objection was made in the trial court at the hearing of the motion. It cannot be urged for the first time here.

■ Appellant next contends that respondent's motion was made prematurely. Up to June 12, 1928, he was earning a salary of $550 a month and on this date was discharged without any fault on his part. His motion was filed thirty-three days thereafter while his total income was less than $9 per month and before he had secured another position. It may be admitted that respondent was very prompt in seeking relief from his obligation to support his wife, but still this fact would not deprive the trial court of the right to entertain and decide the motion. It merely constituted one of the facts to be weighed and considered in deciding the controversy.

Appellant's last ground upon which she relies for a reversal of the order, namely, that the award of alimony by the court was by consent of the parties and based upon

contract, presents the real question to be decided in this case.

When the court awards alimony to an innocent wife it is not bound by the terms of a contract between the parties either as to its amount or its duration. The power to make the award is drawn from the terms of the statute and not from the agreement of the husband and wife. It follows that the power to modify the award of alimony either as to amount, duration, or time and manner of payment is inherent in the court unhampered by the terms of any contract which the parties might have entered into providing for the payment of any such alimony when it is given in the order or decree as maintenance only. (*Smith* v. *Superior Court,* 89 Cal. App. 177 [264 Pac. 573]; *Soule* v. *Soule,* 4 Cal. App. 97 [87 Pac. 205]; *Gates* v. *Gates,* 54 Cal. App. 407 [202 Pac. 151]; notes, 58 A. L. R. 639.)

In the case before us we have an entirely different state of facts to which the general rule we have just stated does not apply. In this case the decree of divorce was given to the innocent husband and he was directed to pay $100 per month to his erring wife. There is no authority of law for such an order (secs. 136, 139, Civ. Code), and if supported at all it must find its strength in a contract between the husband and the wife settling their property rights. There is nothing in the policy of our law prohibiting such a contract. In fact, it is authorized by our statutes (sec. 158, Civ. Code), and if the contract is fair and just it may be approved by the court.

In the instant case if the award of a monthly allowance to the wife is to be supported at all it must be based upon a contract. The interlocutory decree of divorce recites that the husband and wife had agreed upon a division of the community property and approved this division in its details. It also makes the award of $100 per month to the wife for her support and maintenance. It does not in explicit terms declare that this allowance was based upon the contract, but if it were not, the award lacked the authority of law. The transcript of the proceedings at the hearing of the divorce action is not before us, but in support of the decree allowing the support money we have the presumption that the judgment of a Superior Court is regular and is supported by proper evidence. In addition to this

we have excerpts from the testimony of respondent to the effect that at the trial of the divorce case he was asked if he knew that the proposed interlocutory decree contained a provision that he pay $100 per month to appellant and he answered that he did and that it was inserted with his consent. An affidavit of the attorney for appellant used at the hearing of the motion to modify the decree contains the following:

"That after the case was set for trial further negotiations resulted in an agreement and property settlement being arrived at between the parties hereto; that said settlement provided that the defendant be given the sum of $5,000.00 in cash; that she deed to plaintiff certain real property in the City of Fresno and that she transfer to plaintiff certain personal property, and that plaintiff pay to defendant for her support and maintenance and by way of alimony the sum of $100.00 per month, and that all of these matters be embraced in the interlocutory decree of divorce; that pursuant to said agreement at the time of the trial of this action the matters involved in the agreement were acted upon and approved by the court, and that the sum of $100.00 per month provided in said decree was an amount agreed upon and stipulated in open court by the attorneys of the parties hereto."

This portion of the affidavit is not directly controverted by respondent.

It has been held that where the innocent husband is awarded a divorce and there is an agreement between the parties settling their property rights under the terms of which the erring wife is to receive a monthly allowance from her husband as a part of the settlement, which agreement being approved by the court and its terms incorporated in the decree, the court has no power to relieve the husband of part of the burdens of the decree by its modification as it rested not on the authority of law but on the terms of a contract. (*Parker* v. *Parker*, 55 Cal. App. 458 [203 Pac. 420, 421].) In deciding this case the court used the following language:

"If in this case the court had authority to impose a lien in favor of the defendant upon a portion of the community property awarded to the plaintiff, as security for payments thereafter to be made by the plaintiff to the defendant, that

authority was derived from the stipulation made, and not from any right of the court to impose upon the plaintiff any duty to provide for the future support of the defendant. Having accepted the benefit of the decree so made in accordance with his own consent, we think that the plaintiff should be held to be estopped to deny the validity and efficacy of the lien thus established. The parties agreed that the provision thus made was in lieu of any other division of the property. If the plaintiff at the time of the award had objected that such payments to be made and such liens securing the same were outside the scope of the stipulation as made, it may well be that the court would have decided that the defendant was entitled to a larger portion of the community property in the division then about to be made. Having accepted the benefits of the stipulation and decree as thus made, the plaintiff should not now be permitted to be relieved from the burdens imposed upon his property by the decree. In the decree of divorce and in the interlocutory decree, the court attempted to reserve to itself the right to modify the decree and the allowance to be paid to the defendant, and the liens declared to secure the payment thereof. If this had been the allowance provided for by the statute to be paid to the wife in a divorce action where she is not the party in fault, it may be conceded that such allowance might thereafter be modified. But since the payments provided for in this decree were a part of and only incidental to the division of the community property, no reason appears why the judgment, when it became final, did not also become unchangeable to the same extent as a final judgment in any other action."

We conclude that if the award of $100 per month was based upon contract as part of the settlement of the property rights of the parties, the court had no authority to modify it. If it were not supported by contract it did not have the sanction of law. Under the state of the very limited record before us we are not prepared to hold that this portion of the decree is supported by contract although the record strongly indicates this fact. ██ The respondent, the moving party in the court below, should have met this question with satisfactory evidence to sustain the burden of proof resting upon him. His notice of motion did not specify the grounds upon which he would base his motion,

but the affidavit of respondent filed with the notice set forth financial reverses and the inability of respondent to respond to the terms of that order. It was not attacked in the court below on the grounds of its illegality. The motion to be relieved of the payments because of an inability to make them assumed a valid existing order.

Under the condition of the record before us we believe that the order modifying the interlocutory decree of divorce should be reversed, with directions to the trial court to take such future action as may be appropriate under such facts as may be developed at a further hearing.

Order reversed.

Sloane, P. J., concurred.

Barnard, J., deeming himself disqualified, did not participate in this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1930.