[Civ. No. 1021. Fourth Appellate District.—January 9, 1933.]

CLARA C. JOHNSON, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

Strother P. Walton for Petitioner.

Everts, Ewing, Wild & Everts, Dan F. Conway and L. N. Barber for Respondents.

MARKS, Acting P. J.—This is an original proceeding instituted in this court wherein petitioner seeks a writ of mandate directing the respondent court and judge to order the county clerk to issue an execution against the property of W. P. Johnson for unpaid installments of an allowance for support given her in an interlocutory decree of divorce in the case of *W. P. Johnson* v. *Clara C. Johnson*. This case came before this court on appeal from an order reducing the monthly payments to be made by W. P.

Johnson to Clara C. Johnson, petitioner here. (*Johnson* v. *Johnson*, 104 Cal. App. 283 [285 Pac. 902, 905].)

The facts of the case may be briefly summarized as follows: W. P. Johnson instituted an action for divorce from Clara C. Johnson alleging extreme cruelty. On March 14, 1928, he was granted an interlocutory decree of divorce from which it appeared the parties had made a settlement of their property rights. This settlement was approved by the trial court. In the interlocutory decree Clara C. Johnson was awarded $100 a month for her support. No appeal was taken from this interlocutory decree. On July 13, 1928, Johnson served and filed a notice of motion to modify the interlocutory decree in so far as it affected the payment of support money. On August 15, 1928, the trial court made an order reducing the payment to $40 a month. This order was appealed and was reversed for the reason that we could not determine from the record then before us whether or not the provision for the payment of $100 a month in the interlocutory decree was based on an agreement between the parties. In our order we gave the following direction: "Under the condition of the record before us we believe that the order modifying the interlocutory decree of divorce should be reversed, with directions to the trial court to take such future action as may be appropriate under such facts as may be developed at a further hearing." (*Johnson* v. *Johnson, supra.*)

On the former appeal the only question involved was whether or not the trial court could make an order reducing the amount of the support awarded to the defendant. As the divorce was granted to W. P. Johnson, the innocent party, against Clara C. Johnson, the guilty party, because of extreme cruelty, the sole question to be then determined in measuring the power of the court to make the order reducing the award was whether or not the order directing the innocent husband to pay support money to his wife who was guilty of extreme cruelty, was based upon a valid and binding contract settling the property rights of the parties. If it was, the trial court could not lawfully reduce the award. (*Parker* v. *Parker*, 55 Cal. App. 458 [203 Pac. 420].) If the award for support of the guilty wife was not based upon such a contract, it was error on the part of the trial judge to make

any allowance for her support as an allowance for support after divorce is only made to an *innocent* wife against a *guilty* husband ''by way of compensation for the deprivation growing out of his own wrong''. (*Ex parte Spencer,* 83 Cal. 460 [23 Pac. 395, 397, 17 Am. St. Rep. 266] ; sec. 139, Civ. Code; *Parker* v. *Parker, supra; Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238].) If the allowance made in the interlocutory decree was not based upon contract the trial court had the right in a proper proceeding therefor to relieve the innocent husband from any obligation to pay support money to his guilty wife. (*Soule* v. *Soule,* 4 Cal. App. 97 [87 Pac. 205] ; *Gates* v. *Gates,* 54 Cal. App. 407 [202 Pac. 151] ; *Parker* v. *Parker, supra; Smith* v. *Superior Court,* 89 Cal. App. 177 [264 Pac. 573] ; *Johnson* v. *Johnson, supra.*) Our order reversing the order of August 15, 1928, left the case in the same condition that it was prior to making the order reducing the amount to be paid to Mrs. Johnson, with the motion of her husband to modify the interlocutory decree pending and undecided and with our instructions to take appropriate action under facts to be developed at a further hearing.

The petition for a writ of mandate was filed in this court on June 20, 1932. It recites the rendition of the interlocutory decree of divorce and its finality; that fifty-two months elapsed between the entry of the interlocutory decree and the filing of the petition here; that $5,200 had accrued under the terms of decree; that $1340 had been paid thereon leaving a balance of $3,860 unpaid; that petitioner here applied to the respondent judge for an order directing the clerk of Fresno County to issue an execution against the property of W. P. Johnson and that such application was denied. The petition contains no showing as to whether or not any further proceedings had been had in the respondent court in accordance with our directions in the case of *Johnson* v. *Johnson, supra.*

The answer of respondents was filed here on July 12, 1932. The only important question raised was by the following order:

''It appearing to the Court that the plaintiff above named was granted a decree of divorce from the defendant on the ground of the defendant's extreme cruelty towards

plaintiff herein, and that in said interlocutory decree of divorce the above entitled court made order providing that the plaintiff should pay the defendant as and for alimony the sum of One Hundred Dollars ($100.) per month; that thereafter said order was modified by an order of the above entitled court reducing said sum to Forty Dollars ($40.) per month, and an appeal was taken from said order; that said order was reversed by the District Court of Appeal, Fourth Appellate District, said decision being found in 104 Cal. App. at page 283 [285 Pac. 902]. That pursuant to said decision and the opinion rendered therein this court was directed to take such further action as might be appropriate to determine whether or not said sum of money so awarded in said interlocutory decree was an alimony provision or was based upon an agreement of the parties hereto; that thereafter said matter came on regularly for hearing and evidence both oral and documentary was offered in the above entitled court, Department 4 thereof, and the matter was thereafter regularly submitted for decision; that from the evidence so taken the court finds that no agreement, either oral or written, was ever entered into between the parties hereto relative to the payment by the plaintiff to the defendant of any sum of money whatsoever as alimony, or otherwise; that said provision in said interlocutory decree providing for alimony was not made pursuant to any agreement between the parties hereto. Dated this 8th day of July, 1932.''

If this order accomplishes anything it certainly does not dispose of the motion of W. P. Johnson to modify the interlocutory decree in so far as it provided for the payment of support to petitioner. It is nothing more than a finding of fact that the award of support money was not based on contract. It left the interlocutory decree intact with its requirement that he pay $100 per month to his wife unchanged, and the motion to modify this provision undecided. The question here presented has narrowed itself to this: Does it appear on the face of the interlocutory decree of divorce that the award of support money to petitioner is void?

In considering this question counsel for petitioner relies upon two grounds: First, our decision in *Johnson* v. *John-*

*son, supra,* wherein we said that we could not determine from the record then before us whether or not the award was based on contract; and, second, upon the presumption of the regularity of all judgments of the superior court.

When our decision in the case of *Johnson* v. *Johnson, supra,* was rendered the record contained the interlocutory decree of divorce, the notice of motion for its modification and affidavits used on the hearing. In an affidavit filed on behalf of Clara C. Johnson, petitioner here, it was stated, in setting forth the terms of the contract settling the property rights of the parties, ''that said settlement provided . . . that plaintiff pay to defendant (petitioner here) for her support and maintenance and by way of alimony the sum of $100.00 per month, and that all of these matters be embraced in the interlocutory decree of divorce''. This uncontradicted statement raised the question in our minds which caused us to reverse the order with directions to the trial court to take further proceedings to determine this problem. Since our decision the trial court took evidence on this question and found that the alimony award was not based on any ''agreement, either oral or written . . . between the parties''. This effectually rebuts the statements contained in the affidavit from which we have quoted. The questions presented here were not finally determined in the case of *Johnson* v. *Johnson, supra.*

In considering the second contention of petitioner we are well aware of the rule, and the multitude of decisions supporting it, that all presumptions are in favor of the legality of a judgment of a court of record and that such a judgment cannot be attacked collaterally because of the errors in it, but only on the ground that it was made in excess of jurisdiction when the lack of jurisdiction appears on the face of the record. (*Harlan* v. *Harlan,* 154 Cal. 341 [98 Pac. 32]; *Lieberman* v. *Superior Court,* 72 Cal. App. 18 [236 Pac. 570].)

Were this the first time this question had been presented on appeal we probably would be constrained to hold that the portion of the decree in question was an error of law committed by the trial court not in excess of its jurisdiction. The superior court is given jurisdic-

tion of actions for divorce and may settle the property rights of the parties before it and, in a proper case, provide for the support of one of the parties. It would seem that the making of the award in question might well be considered within the jurisdiction of the superior court, but that the making of it was error. However, this question is not now open for debate in a District Court of Appeal. The cases already cited, and others, have established the rule that the making of such an order is beyond the jurisdiction of a superior court unless based upon a contract of property settlement. (*In re McKenna*, 116 Cal. App. 232 [2 Pac. (2d) 429]; *McKannay* v. *McKannay*, 68 Cal. App. 701 [230 Pac. 214].)

The interlocutory decree of divorce in its first paragraph contains the recital that the parties had mutually effected a settlement of their property rights with a fairly full description of the terms of the settlement which contains no reference to the permanent support which petitioner now claims. The second paragraph contains the usual recitals that the plaintiff W. P. Johnson is entitled to a divorce on the ground of extreme cruelty. This paragraph concludes with the following: "And it further appearing to the court that the defendant is physically incapable of earning a livelihood by her own labors, it is further ordered, adjudged and decreed that plaintiff pay to the defendant as and for alimony the sum of one hundred ($100.00) dollars per month, payable on the 15th day of each and every month, commencing on the 15th day of March, 1928." The third paragraph is as follows: "It is further ordered, adjudged and decreed that the provisions hereinabove recited as to the division and settlement of the property rights between the parties hereto be and the same are hereby confirmed and approved." There is no other reference in the decree to the contract settling the property rights or to the allowance of permanent support to the wife. We have concluded that it sufficiently appears from the decree that the award of permanent support to the wife was not based on the contract settling the property rights of the parties so that we are required to refuse the peremptory writ of mandate sought by petitioner.

The peremptory writ of mandate is denied and the alternative writ is discharged.

Jennings, J., concurred.

Barnard, P. J., deeming himself disqualified, did not participate herein.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 9, 1933.