[Civ. No. 9020. First Appellate District, Division Two.—June 16, 1933.]

TILLIE M. ARMSTRONG, Appellant, v. GEORGE NELSON ARMSTRONG, Respondent.

610

Sparling & Teel and Courtney A. Teel for Appellant.

Fred O. Reed for Respondent.

NOURSE, P. J.—This appeal involves the simple issue whether an award of alimony made in harmony with a property settlement agreement may be modified upon a proper showing.

The complaint pleaded an action for divorce upon the ground of the husband's desertion. It alleged that, for the purpose of settling their property rights, and for making provisions for the support of their minor child, the parties had entered into a written agreement. This agreement was attached as an exhibit and incorporated in the complaint. The defendant permitted his default to be entered. The trial court found the allegations of the complaint to be true and entered an interlocutory decree awarding plaintiff alimony in the sum of fifty dollars a month until she may remarry and directing defendant to pay plaintiff fifty dollars a month for the support of their minor child. The

final decree confirmed these awards. The property agreement was not incorporated in either decree and was not referred to in either. Thereafter the defendant moved to modify the decree in so far as it related to the payment of alimony and support of the minor child. This motion was granted as to both items and the plaintiff has appealed upon a bill of exceptions.

The order must be affirmed for the following reasons:

█ The power of the court to modify decrees of this character is statutory (sec. 139, Civ. Code) and cannot be controlled by the parties (*Johnson* v. *Johnson,* 104 Cal. App. 283, 287 [285 Pac. 902]); if, by the terms of the property agreement, the rights of the parties are contractual, that is a matter which can be determined only in an action based upon the contract (*Hughes* v. *Hughes,* 68 Cal. App. 195, 197 [228 Pac. 675]); as it does not appear from the face of either decree that the property settlement was adopted by the trial court the statutory power of the court to modify cannot be denied (*Hughes* v. *Hughes, supra; Johnson* v. *Johnson, supra*).

█ Appellant argues that we must assume that the trial court adopted the contract because it found that the allegations of the complaint were true. The finding could not go beyond the pleading; it merely certifies the truth of the contract. There is nothing in the finding which indicates that the trial court adopted the contract as a part of its judgment.

█ Cases cited by appellant where the court awarded alimony against the innocent party (*Parker* v. *Parker,* 55 Cal. App. 458 [203 Pac. 420]ᵀ; *Johnson* v. *Johnson, supra*) are not in conflict. Such awards do not find their authority in the code sections, but are based upon the contract of the parties. Thus, where the wife has by contract ceded property rights to the husband, and the latter, though not at fault, has agreed to pay a fixed sum as alimony, the incorporation of the property settlement in the divorce decree is merely a confirmation of the contract and is not an exercise of the statutory power given the court. Here the husband ceded to his wife all the community property except an interest in a contract to purchase an automobile, the wife ceded nothing other than her interest in the automobile contract; the husband was the party at fault. His agreement

to pay alimony was nothing more than an agreement to comply with the court's order.

No other point needs consideration.

The order is affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 14, 1933.