[L. A. No. 14393. In Bank.—July 30, 1934.]

DAISY E. ROSS, Appellant, v. FRED W. ROSS, Respondent.

Clarke & Bowker and Nathan Newby for Appellant.

C. P. Temple for Respondent.

LANGDON, J.—Plaintiff appeals from orders of the trial court modifying the provisions of an interlocutory decree of divorce. The decree was given in favor of plaintiff in 1921, and ordered defendant to pay twenty-five dollars per week for the support of plaintiff and her minor children, "until

the further order of the court". On May 10, 1933, after an order to show cause issued at the instance of defendant, the court found that the parties had agreed to a reduction of the payments to twenty dollars in August, 1931, when the eldest child became of age; and the court ordered that the interlocutory decree be modified to require payments of ten dollars per week until the remaining child reached majority, and thereupon payments should cease. Subsequently the court, on its own motion, amended its order *nunc pro tunc* by adding the following: "The Court further finds that the plaintiff, at present time, is earning $146.00 per month salary in the Los Angeles County Assessor's Office, and is therefore able to care for herself and the Order for the payment of alimony is hereby vacated, commencing May 15, 1933." Plaintiff appealed from each order.

Plaintiff contends that the interlocutory decree was entered as a result of a property settlement agreement of the parties, and followed the terms of an agreement made by them, and that consequently it is not subject to modification. The cases cited, however, are those in which the agreement was incorporated in and made a part of the decree. (See *Parker* v. *Parker,* 55 Cal. App. 458 [203 Pac. 420] ; *Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902] ; note, 19 Cal. L. Rev. 532.) This was not done in the instant case, and whatever rights plaintiff may have for breach of the agreement are enforceable in a civil action. The record shows that the court made no attempt to rule on the contractual relations of the parties. The statutory power of the court under section 139 of the Civil Code to modify its order awarding alimony and support for children upon a showing of changed conditions is not affected in such a situation. (*Hughes* v. *Hughes,* 68 Cal. App. 195 [228 Pac. 675] ; *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 Pac. (2d) 50].) There was here a showing of changed conditions sufficient to justify the exercise of the power, and no contrary showing was made by plaintiff.

One point which plaintiff makes is well taken. The court has undoubted power to modify the order, but certainly it cannot wholly vacate or annul it years after its entry. Changed conditions now warrant the cessation of all payments, but it is possible that in the future different conditions may require their resumption. Doubtless all

that the court intended was such a cessation of payments, and not an annulment of the order itself. (See *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205]; *Molema* v. *Molema*, 103 Cal. App. 79 [283 Pac. 956].) This is, in fact, conceded by defendant.

The last order of the court is modified by striking therefrom the words "the Order for the payment of alimony is hereby vacated, commencing May 15, 1933", and substituting therefor the following: "the order for the payment of alimony is modified, payments thereunder to cease commencing May 15, 1933, until further order of the court".

As so modified, the orders of the lower court are affirmed. Respondent shall bear the costs of the appeal.

Preston, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.