[Civ. No. 6580.   Third Dist.—April 28, 1941.]

ISABELLE MARIE RICH, Respondent, v. CHARLES OWEN RICH, Appellant.

Don Lake for Appellant.

Sherman & Sherman for Respondent.

SCHOTTKY, J., *pro tem.*—A property settlement agreement was entered into between respondent and appellant, which contract recited that an action for divorce had been filed by respondent, and that said parties had agreed upon a mutual property settlement of every kind and nature pertaining to property belonging to them, or either of them. After some specific provisions with reference to different properties the agreement provided further:

"Payment of money to first party by second party. Second party does hereby agree to pay to first party the sum of $2400.00, payable $100.00 a month, commencing on the 1st day of September, 1937, and $100.00 on the first day of each and every month thereafter until the full sum of $2400.00 has been paid. Said $2400.00 in monthly installments shall be paid to first party as alimony for her support and maintenance and it is particularly understood and agreed that said payments are not in lieu of any property right or interest in any community property of first party. Said payments to continue even in event of remarriage."

An interlocutory decree of divorce was granted to respondent on September 16, 1937, providing in part as follows:

"Decreed that the property settlement agreement between plaintiff and defendant . . . is hereby approved and incorporated herein and made a part hereof as though set forth herein. . . .

"It is further ordered, adjudged and decreed that defendant shall pay to plaintiff the sum of $2400.00 as alimony for her support and maintenance, payable as follows: $100.00

as of the first day of September, 1937; $100.00 on the first day of each and every month thereafter until the full sum of $2400.00 has been paid, said payments to continue even though plaintiff remarries.''

A final judgment of divorce was entered on October 16, 1938, and on December 22, 1938, plaintiff (respondent herein), remarried. Appellant moved to modify the interlocutory decree by eliminating therefrom all payments accruing after the remarriage of respondent. The court below denied the motion, and this appeal is from that order.

Appellant contends that under section 139 of the Civil Code, which provides that ''upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support'', the obligation of a husband to support his divorced wife is terminated by her remarriage, and that the order of the court below denying appellant's motion to modify the interlocutory decree was erroneous.

Respondent argues that by reason of the fact that there was a property settlement agreement which was adopted by the court and incorporated in the interlocutory decree, which contract and decree provided for said payments, the court below had no power to modify said decree by eliminating or discontinuing said payments.

As was said by our Supreme Court in the case of *Miller* v. *Superior Court,* 9 Cal. (2d) 733, at page 737 [72 Pac. (2d) 868]:

''There are certain generally settled distinctions between alimony awarded by the court and payments due by virtue of property settlement between the parties. An award of alimony is subject to modification by the court to meet changed conditions. (*Ross* v. *Ross,* 1 Cal. (2d) 368 [35 Pac. (2d) 316]; *Armstrong* v. *Armstrong,* 132 Cal. App. 609 [23 Pac. (2d) 50]; sec. 139, Civ. Code.) A property agreement, although approved by the court in the divorce action, is not thereafter subject to modification by action of the court. (*Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 Pac. (2d) 540]; *Moran* v. *Moran,* 3 Cal. (2d) 342 [44 Pac. (2d) 546]; *Parker* v. *Parker,* 55 Cal. App. 458 [203 Pac. 420].)''

In the case of *Ettlinger* v. *Ettlinger,* 3 Cal. (2d) 172 [44 Pac. (2d) 540], the court said at page 177:

"We are satisfied from the examination of the entire agreement, having particular reference to the above-quoted provisions thereof, that it was the intention of the parties to definitely, fully and permanently adjust and settle all of their property rights. The agreement indicates that the monthly payments to be made thereunder by defendant to plaintiff, stated to be for the latter's 'support and maintenance', constituted an integral and important element in the amicable adjustment and liquidation of such property rights. In our opinion, the contract suggests that such payments were to be made to and received by plaintiff as part of the property settlement and in lieu of property rights. This would appear to have been recognized in both the interlocutory and final decrees of divorce for each provides that 'neither the making of this decree nor anything herein contained shall in any manner modify, restrict, affect or prejudice the provisions or any of them, of said agreement hereinabove mentioned . . . which agreement and all of its provisions shall remain in full force and effect'. Each decree thereupon directs the payment by defendant to plaintiff of $250.00 a month 'in pursuance of the aforementioned agreement'.

"That the parties may contract with regard to their properties and their respective interests therein is now settled. Though not binding in the first instance on the court in which the divorce action is pending, such contract may be approved and confirmed by the court, and if appropriately referred to and adopted in its decree, as here, such decree, as to the matters covered by the agreement, becomes immune from subsequent modification."

In the case of *Hodgson* v. *Hodgson*, 6 Cal. App. (2d) 496 [44 Pac. (2d) 544], this court said, at page 499:

"We are likewise of the opinion here that upon the authority of the case of *Ettlinger* v. *Ettlinger, supra,* the property settlement in the instant case, having been accepted and adopted by the trial court, and incorporated in the interlocutory decree became a binding settlement and is not subject to modification. What we have said relates only to the provisions of the agreement relating to alimony or support of the former wife,—no attempt was made to reduce the amount of the allowance for the support of the minors, and that issue is not before us."

█ The question, therefore, to be decided upon this appeal is whether the provision in the property settlement agreement by which appellant agreed to pay to respondent the sum of $2,400, is such an element in the property settlement between the parties as to make it not thereafter subject to modification by the court.

Appellant points to the clause in the agreement which states that said $2,400 in monthly installments shall be paid to respondent "as alimony for her support and maintenance" and "not in lieu of any property right or interest in any community property of first party", and contends that even though the agreement further provided that the monthly payments should continue until completed even in the event of the remarriage of respondent, upon the remarriage of respondent, appellant was no longer obligated to provide for her support and continue said monthly payments until the full sum of $2,400 had been paid.

Appellant's contention cannot be sustained. The payment of $2,400 to respondent was an integral part of the property settlement agreement, and the fact that it was stated to be "alimony for her support and maintenance", and was to be paid in monthly installments instead of in a lump sum, does not alter the fact that the payments were made pursuant to the agreement approved and adopted by the court in the interlocutory decree, and not merely as alimony awarded by the court. A careful reading of the agreement indicates clearly that it was the intention of the parties to definitely, fully and permanently adjust all of their property rights, and the title to the paragraph providing for the payment of the $2,400, "Payment of Money to First Party by Second Party", clearly shows it to be an integral part of the agreement. The further clause that "said (monthly) payments to continue even in the event of remarriage" indicates also that it was the intention of the parties that respondent should receive the full $2,400. To sustain appellant's contention would in our opinion deprive respondent of what may well have been an important part of the consideration which induced her to execute the agreement. The property settlement agreement having been approved by the court and incorporated in the interlocutory decree, is now binding upon the parties, and cannot now be avoided.

In view of the foregoing, we conclude the motion to modify the interlocutory decree was properly denied, and that the order denying said motion should be, and is hereby affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing was denied May 27, 1941.