[Civ. No. 13593.   Second Dist., Div. One.   June 29, 1942.]

JAMES ROBERT BROOKS, Appellant, v. BESSIE MARIE BROOKS, Respondent.

Newby & Newby for Appellant.

Perry F. Backus for Respondent.

YORK, P. J.—This is an appeal from that portion of an interlocutory decree (granting to appellant a divorce on the ground of desertion) by which he was ordered to pay $650 for the support and maintenance of respondent wife, in monthly installments of $50 each, beginning August 19, 1941. Appellant urges that it is only when the divorce is granted for the offense of the husband that such support may be awarded to the wife.

The parties hereto intermarried on September 29, 1936, and separated on or about June 28, 1940, there being no children of the union.  On July 22, 1940, appellant husband filed an action for divorce on the ground of cruelty; thereafter respondent wife filed a cross-complaint alleging cruelty on the part of appellant husband.  At the conclusion of the trial on August 4, 1941, appellant was permitted to file a supplemental amended complaint to conform to proof setting up a cause of action against respondent wife for desertion. Thereafter the trial court made its interlocutory decree granting a divorce to appellant husband for the desertion of respondent wife, divided certain personal property between

them pursuant to a stipulation theretofore entered into by them, cancelled and awarded to appellant a homestead which had been selected by respondent from the separate property of appellant, and ordered appellant to pay $650 to respondent for her support and maintenance in monthly installments of $50 each beginning August 19, 1941.

The court found that ''plaintiff has expended since his said marriage, for necessary living and other expenses, more than he has earned''; that husband owns separate property of the value of $15,000 and defendant and cross-complainant owns separate property of the approximate value of $2,500. It was also found that the only articles of community property of the parties were an overstuffed davenport and chair of the value of $60 located in the home of appellant.

In view of these findings of fact made upon issues presented by the pleadings with respect to the character of the property owned by the parties hereto, it is obvious that the allowance to the wife for her support and maintenance was made from the separate property of the husband.

. In the case of *Fox* v. *Fox,* 18 Cal. (2d) 645, 646 [117 P. (2d) 325], the husband was awarded an interlocutory decree of divorce from the wife on the ground of extreme cruelty. The court ordered him to pay her $840. It was there held: ''In an action for divorce, only the community property and the homestead may be awarded; the court is not authorized to assign the separate property of one of the spouses to the other, nor to require one to pay to the other any amount in lieu of an assignment or division of it. (*Conard* v. *Conard,* 5 Cal App. (2d) 91 [41 P. (2d) 968].) The decree in the present case violates this rule and must be modified by striking therefrom the provisions relating to the payment of $840.''

In *Harwell* v. *Harwell,* 26 Cal. App. (2d) 143, 144 [78 P. (2d) 1167], it was held: ''. . . an innocent husband who is given a divorce from a guilty wife because of her desertion cannot be compelled to pay her permanent support money after the divorce. If the interlocutory decree attempts to award the guilty wife support money that portion of it is void. (*Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238]; *Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902]; *Johnson* v. *Superior Court,* 128 Cal. App. 584 [17 P. (2d) 1055]; *Schluter* v. *Schluter,* 130 Cal. App. 780 [20 P. (2d) 723]; *Gaudio* v. *Gaudio,* 138 Cal. App. 289 [32 P. (2d) 156].)''

For the reasons stated, that portion of the interlocutory decree awarding the sum of $650 to respondent for support and maintenance is reversed.

Doran, J., and White, J., concurred.