[Civ. No. 989.   Fourth Appellate District.—September 23, 1932.]

LULU G. WOOD, Respondent, v. LEE C. WOOD, Appellant.

E. O. Leake for Appellant.

S. S. Hahn for Respondent.

MARKS, J.—This is an appeal from a judgment of the Superior Court of Los Angeles County awarding to respondent $100 per month for her support and maintenance during the period of one year, and the sum of $100 attorney's fees expended by her for the prosecution of the action.

The complaint was filed on the twelfth day of August, 1929. The cause was tried on September 24, 1929, and the judgment filed on October 7th of the same year.

Appellant presents but two grounds for reversal of the judgment which are necessary for us to consider on this appeal. He maintains, first, that the portion of the judgment awarding attorney's fees to the respondent, gave her this money as fees for past services of the attorney and, second, that as the action was commenced on August 12, 1929, and the amendment of that year to section 137 of the Civil Code did not go into effect until the fourteenth day of August, 1929, the amended portion of the section could not be held effective in so far as this action is concerned.

This is an appeal upon the judgment-roll. We must, therefore, assume that every necessary step was taken in the court below to support the judgment (*E. E. McCalla Co.* v. *Sleeper,* 105 Cal. App. 562 [288 Pac. 146]). We may, therefore, assume, in support of the award of attorney's fees, that an order to show cause was duly and regularly issued after August 14, 1929, requiring appellant to show cause why he should not be required to pay a reasonable attorney's fee for the services of respondent's attorney; that this order to show cause was duly set down for hearing and heard; and that upon stipulation of both parties the trial court reserved a decision upon the question of attorney's fees until the trial of the case and the rendi-

tion of judgment, and that the portion of the judgment awarding attorney's fees was, in effect, a decision of the trial court upon the order to show cause made after such stipulation and the reservation of such ruling.

The right to award a party support money and counsel fees in a separate maintenance action is based upon the provisions of section 137 of the Civil Code. It is contended by appellant that by an amendment to this section (Stats. 1927, p. 441), changing the opening words of the fourth sentence of the section from ''During the pendency of such action'' to ''During the pendency of an action for divorce,'' the trial court was deprived of the right to award respondent support money or attorney's fees as the action was commenced during the time this amendment of 1927 was in effect, and before the amendment of 1929 took effect.

The section was amended in 1929 (Stats. 1929, p. 160), effective August 14, 1929, which restored the language of this part of the section, already quoted, which was changed by the amendment of 1927, and restored to the court, if it was ever taken away, the right to award support money and attorney's fees in a separate maintenance action.

The contention of the appellant has been effectually disposed of by the Supreme Court in the case of *McClurg* v. *McClurg,* 212 Cal. 15 [297 Pac. 27, 28], in which action the defendant husband sought to recover from the plaintiff wife costs and attorney's fees to prosecute an appeal from an order of the trial court, under the provisions of the amendment of 1927 of section 137 of the Civil Code, which became effective July 29, 1927 (Stats. 1927, p. 441). The action was instituted on April 24, 1927, prior to the taking effect of this amendment, which for the first time gave a husband the right to apply for such attorney's fees and costs. The order awarding them to him was made on September 23, 1927. In holding that the amendment was effective in so far as a pending action is concerned, the Supreme Court said:

''The order which the court did make from which this appeal is taken, was made under the express provisions of section 137 of the Civil Code as amended in 1927, and by which amendment the terms of the original section were broadened so as to permit a husband to apply for and

receive alimony, counsel fees and costs in an action for divorce.

"The appellant, however, further contends that since this action was commenced on April 4, 1927, and since section 137 of the Civil Code did not, as to said amendment thereof, become effective until August, 1927, the section as thus amended cannot be given retroactive effect so as to have application to an action commenced prior to the adoption and taking effect of the amendment; and that for this further reason the trial court had no jurisdiction to make the order appealed from herein. This contention is also without merit. The provision of the Civil Code embraced in section 3 thereof, providing that 'no part of it is retroactive unless expressly so declared', has been held to have no application to purely procedural matters arising in the course of a litigation commenced before the passage or amendment of a law affecting the procedure in civil actions. (23 Cal. Jur. 632, sec. 28, and cases cited; Sutherland on Statutory Construction, 2d ed., sec. 674; *Rice* v. *Dunlap,* 205 Cal. 134, 137 [270 Pac. 196] ; *McGuire* v. *Cunningham,* 64 Cal. App. 536 [222 Pac. 838].) Whether, however, the said order of the trial court directing the plaintiff to pay to the defendant counsel fees and costs in order to enable him to prosecute his former appeal was a procedural or a substantive order, it was an order made after the statute had become effective permitting the trial court to make such orders in actions pending for divorce, and was not therefore retroactive in character or effect, and was not, therefore, susceptible to the attack made upon it upon this appeal."

The appellant has attempted to appeal from an order of the trial court awarding support money *pendente lite* to respondent. The clerk's transcript contains a copy of a minute order made on August 29, 1929, whereby the court recited the issuance of an order to show cause and awarded the respondent $100 a month as support money during the pendency of the action. No formal order appears in the record although it is stated in the brief of respondent that such formal order was made, signed and entered after that date. The notice of appeal was filed on November 1, 1929. We deem it unnecessary to decide

whether the record properly presents this order for review. If it were properly before us, it would have to be affirmed (*McClurg* v. *McClurg, supra*).

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.