[Civ. No. 848. Fourth Appellate District.—April 3, 1933.]

FRED A. SCHLUTER, Appellant, v. DOROTHY McDONALD SCHLUTER, Respondent.

W. I. Gilbert for Appellant.

M. G. Brittan for Respondent.

MARKS, J.—In this opinion Fred A. Schluter, the plaintiff, cross-defendant and appellant, will be referred to as the

appellant, and Dorothy McDonald Schluter will be referred to as the respondent. Where it is necessary to refer to Cal Chandler he will be designated as the co-respondent.

Appellant instituted this action for divorce and custody of his minor child. His complaint states three separate causes of action. He alleges extreme cruelty and two acts of adultery. Respondent answered denying the material allegations of the complaint, and filed a cross-complaint seeking a divorce on the grounds of extreme cruelty, and custody of the minor child of the marriage. The co-respondent answered denying the adultery.

The trial court found in favor of appellant on his allegations of extreme cruelty and against his allegations of adultery; against respondent on her allegations of extreme cruelty; that appellant was not a fit and proper person to have the care, custody and control of the minor child, and that the respondent was; that respondent owned as her separate property a described parcel of land in the city of Dallas, Texas, and that appellant owned as his separate property another described parcel of land in the same city; that each of such parties owned a one-half interest in a home in that city; that the appellant had a net income of $10,000 a year; that the custody of the minor child be awarded to respondent; that $200 per month was a reasonable and necessary sum to be paid by appellant to respondent for the support of the minor child and herself, together with $200 costs and $2,000 attorneys' fees; that appellant was able to pay each of said amounts. The conclusions of law omitted all reference to the Texas property, but otherwise followed the findings, except as to the amount of the monthly payments for support, which was there fixed at the sum of $250. The interlocutory decree of divorce followed the findings in all particulars except in the amount of the monthly payments for support, which was fixed at $250. Appellant was given the right to visit the minor at the mother's home at all reasonable times.

Appellant has appealed from the following portions of the interlocutory decree: (1) That respondent owned as her separate property a described tract of land in Dallas, Texas; (2) that appellant and respondent jointly owned a home in Dallas, Texas, each owning an undivided one-half

interest in it; (3) that the care, custody and control of the minor child of the parties be awarded to respondent; (4) that appellant pay to respondent for her support and that of the minor child $250 per month, $200 costs and $2,000 attorneys' fees. The other portions of the interlocutory decree are not brought here for review.

If the lower court attempted to fix title to the property in Texas in the interlocutory decree of divorce, it went beyond its jurisdiction, and these portions of the decree complained of are of no binding force and effect. This is clearly made to appear in *Taylor* v. *Taylor,* 192 Cal. 71 [218 Pac. 756, 758, 51 A. L. R. 1074], where it is said:

"Appellant's first contention is unquestionably correct. That the courts of one state cannot make a decree which will operate to change or directly affect the title to real property beyond the territorial limits of its jurisdiction must be conceded. The doctrine that a court, not having jurisdiction of the *res,* cannot affect it by its decree is firmly established. (*Title Ins. Co.* v. *California Dev. Co.,* 171 Cal. 173, 197 [152 Pac. 542]; *Fall* v. *Eastin,* 215 U. S. 1, 11 [30 Sup. Ct. Rep. 3, 17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924, 54 L. Ed. 65, also Rose's U. S. notes]; affirming 75 Neb. 104 [106 N. W. 412, 113 N. W. 175, 121 Am. St. Rep. 767]; *Sharp* v. *Sharp,* 65 Okl. 76 [166 Pac. 175, L. R. A. 1917F, 562]; *Rodgers* v. *Rodgers,* 56 Kan. 483 [43 Pac. 779]; 19 Cor. Jur., p. 367.) By means of its power over the person of the parties before it, a court of equity may in proper cases compel them to act in relation to property not within its jurisdiction, but its decrees do not operate directly upon the property nor affect the title. They are only made effectual through the coercion of the parties, by directing some action on their part, such as the execution of conveyances or the cancellation of instruments (*Fall* v. *Eastin, supra*). The reason for the rule is that jurisdiction to affect the title to real estate by a judgment *in rem,* or directly against the thing itself, exists only in the courts of the state wherein the land is situated. 'No principle is more fundamental or thoroughly settled than that the local sovereignty, by itself or its judicial agencies can alone adjudicate upon and determine the status of lands and immovable property within its borders, including their title and its incidents and the

mode in which they may be charged or conveyed. Neither the laws of another sovereignty, nor the judicial proceedings, decrees and judgments of its courts, can in the least degree affect such lands and immovable property.' (*Bullock* v. *Bullock*, 52 N. J. Eq. 561, 565 [30 Atl. 676, 46 Am. St. Rep. 528, 27 L. R. A. 213]; *Proctor* v. *Proctor*, 215 Ill. 275, 277 [74 N. E. 145, 106 Am. St. Rep. 168, 69 L. R. A. 673]; *Tiedemann* v. *Tiedemann*, 172 App. Div. 819, 158 N. Y. Supp. 851 [affirmed in 225 N. Y. 709, 122 N. E. 892].)''

 The presence of these portions of the findings and judgment concerning the Texas property in the record does not, of itself, require a reversal of the judgment. We may strike them out.

 We have studied the record and cannot conclude that the award of the custody of the minor to respondent was an abuse of discretion on the part of the trial court. The rule governing this question on appeal is clearly set forth in *Bancroft* v. *Bancroft*, 178 Cal. 352 [173 Pac. 582, 584], as follows: ''It is conceded that in respect to the children of a marriage which is being dissolved at the suit of either or both of the parties to it the court becomes invested with jurisdiction to determine to which of the spouses the custody of the children shall be assigned, and that it retains such jurisdiction during the pendency of the case before it, and that the welfare of the children is the paramount interest before the court in determining who shall be their custodian, and that in the exercise of this jurisdiction the trial court is invested with a very large measure of power, which will not be interfered with on appeal except in the clearest instances of its manifest abuse.''

 It would serve no good purpose to review the mass of evidence in the record concerning the delinquencies of both parents. It reflects little credit on either of them. However, the mother did show affection for her child and cared for him during the seven years of his life. The father continually neglected him. The only parental duty that he seemed to recognize was that of financial support. From the point of view of the welfare of the child, the mother was entitled to the custody rather than the father. It is evident from the record that the trial judge is going to exercise a supervision over the future environments of

the child that may have a salutary effect on the habits of the mother.

There is ample evidence in the record supporting the award of costs, attorneys' fees and support money. However, it is necessary for us to consider the items separately.

■ Attorneys' fees cannot be awarded for past services in a divorce action. We are required to assume in support of a judgment that all steps necessary to its legality were taken prior to its rendition when there is nothing in the record to the contrary. The record being silent on this question, we may assume in support of the award of attorneys' fees that an order to show cause was issued and served on appellant, requiring him to show cause why he should not be required to pay a reasonable fee to respondent's attorneys; that this order was set for hearing and heard; that at such hearing and on stipulation of both parties the trial court reserved its decision on the question of attorneys' fees until the trial of the cause and the rendition of judgment; that the portion of the judgment awarding attorneys' fees was, in effect, a decision upon the order to show cause made upon such stipulation and the reservation of such ruling. (*Wood* v. *Wood,* 126 Cal. App. 237 [14 Pac. (2d) 584].) A similar assumption supports the judgment for costs.

■ We will disregard the variance of $50 in the amount of the monthly support money set forth in the findings and in the conclusions of law and the judgment. It will be observed that in all instances the court directed the money to be paid for the support of the minor child and his mother, the respondent. We have no way of determining the portion of the award the trial court intended for the support of the child and the part it intended for the support of the mother.

It is well settled in California that where a divorce is granted to a husband against his wife on the ground of extreme cruelty, the court cannot award support money to the wife in the interlocutory decree of divorce. (*Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902]; *Johnson* v. *Superior Court,* 128 Cal. App. 584 [17 Pac. (2d) 1055].) In view of this award of support money to respondent we deem it necessary to send the case back for retrial on the

sole question of the amount to be awarded for the support and maintenance of the minor child of the parties.

It is ordered:

1. That the following be stricken from the findings of fact:

"That the defendant and cross-complainant owns as her separate estate, being property given her as a gift by her husband during their married life, the following described real property situate in the city of Dallas, state of Texas, to-wit:

"A part of block No. 107, according to the official map of said city, beginning at a point in the north line of Main street 2 inches N. 76 east of the Pollock wall, said point being also 273-9/10 ft. S., 76 W. from the West line of Harwood street; thence N. 14 W. parallel with Pollock's said wall and 2 inches therefrom 100 feet; thence N. 76 E. and parallel with the N. line of Main St. 50 feet; thence S. 14 E. and parallel with Pollock's said wall 100 ft. to the north line of Main St., thence S. 76 W. with the north line of Main St., 50 ft. to the place of beginning.

"And that in addition thereto the plaintiff and defendant jointly own a home in the city of Dallas, state of Texas, each of the parties thereto owning an undivided one-half interest."

2. That the following be stricken from the interlocutory decree of divorce:

"That the defendant owns as her own separate estate the following described real property situate in the city of Dallas, state of Texas, to-wit:

"A part of block 107, according to the official map of said city, beginning at a point in the north line of Main St. 2 inches N. 76 east of the Pollock wall, said point being also 273-9/10 ft. S., 76 W. from the west line of Harwood street; thence N. 14 W. parallel with Pollock's said wall and 2 inches therefrom 100 ft.; thence 76 E. and parallel with the N. line of Main St. 50 feet; thence S. 14 E. and parallel with Pollock's said wall 100 ft. to the north line of Main St. 50 ft. to the place of beginning.

"That the plaintiff and defendant own a home in the city of Dallas, State of Texas, jointly, each of the parties owning an undivided one-half interest therein."

3. That portion of the judgment only providing: "That the plaintiff pay to the defendant the sum of $250.00 per

month, the term of payment to commence as of the 15th day of May, 1930, and become and be payable on the 15th day of each and every month thereafter during the minority of said child, for the support, maintenance, care and control of said minor child, Charles Carroll Schluter, and the defendant herein," is reversed, with directions to retry the question of the amount to be paid by appellant for the support, care and maintenance of the minor child of the parties, and make appropriate findings and enter judgment thereon.

4. In all other respects the interlocutory decree is affirmed. Each party will pay his own costs on this appeal.

Barnard, P. J., and Jennings, J., concurred.