[Civ. No. 9347.  First Appellate District, Division Two.—April 25, 1934.]

GAETANO GAUDIO, Appellant, v. ROSINA GAUDIO, Respondent.

Albert K. Lucas for Appellant.

James A. Houlahan for Respondent.

NOURSE, P. J.—Plaintiff was granted an interlocutory decree of divorce for offenses of the wife.  In the decree the wife was awarded permanent alimony.  Before the decree became final the plaintiff moved for a modification on the ground that this portion of the decree was beyond the court's jurisdiction.  The motion was denied, and this' appeal was taken from the order of denial.  Other orders were made from which appeals have also been taken, but we do not consider them except to include them in the order of reversal.

The award of permanent alimony to the offending wife was void.  (Sec. 139, Civil Code; *Everett* v. *Everett*, 52 Cal. 383; *Lampson* v. *Lampson*, 171 Cal. 332 [153 Pac. 238];

*In re McKenna,* 116 Cal. App. 232 [2 Pac. (2d) 429]; *Johnson* v. *Superior Court,* 128 Cal. App. 584 [17 Pac. (2d) 1055].)

The allowance to the wife was not based upon a binding contract settling the property rights of the parties. The decree recites that such a contract was made and approved except as to paragraph five, which covered the matter of alimony *pendente lite.* This reference to the contract warranted an examination of the contract in its entirety upon the motion to modify the decree. Such examination discloses that there was no agreement to pay any sum as permanent alimony. There is no mention in the contract of permanent support of the wife, but there is a specific provision for the support of the minor children, temporary alimony and counsel fees. The large bulk of the real and personal property is given the wife. The only sound inference to be drawn from the contract is that the parties did not contemplate permanent support in the event of a divorce upon the fault of the wife.

The award of permanent alimony being beyond the jurisdiction of the court to make, the motion to modify the decree should have been granted.

The order denying modification of the interlocutory decree is reversed. The orders denying the motions to quash and to recall execution, and to dissolve the restraining order, are each and all reversed.

Sturtevant, J., and Spence, J., concurred.