SHAW, P. J.
 

 This is an action against the defendant in her representative capacity on a creditor’s claim against the estate of which she is executrix. The complaint on which the case was tried alleged in brief that the defendant’s testator was formerly the husband of the plaintiff, that prior to his death he obtained a divorce from the plaintiff in Nevada, that before the divorce decree was made the plaintiff and the testator entered into a property settlement agreement by which the testator agreed to make payments of $75 per month to the plaintiff, that the divorce decree also required the testator to make the same monthly payments to the plaintiff, and that a number of those payments were due and unpaid, recovery of which was sought. The complaint contained two counts, the first of which was based entirely on the divorce decree, and the second on ithe agreement. A demurrer to the second count was sustained in the trial court, and the case went to trial and judgment was rendered for plaintiff on the first count only, from which the defendant appeals. At the
 
 *Supp. 753
 
 trial both the Nevada judgment and the property settlement agreement were placed in evidence and it was stipulated that the monthly payments sued for were unpaid, and were due according to the terms of the agreement.
 

 The property settlement agreement, after reciting the desire of the husband to make provision for the support of the wife and the desire of both parties to adjust their community property, making a division of certain property between them, and stating an agreement by the husband to pay the wife $75 per month, declares that “this agreement may be used and plead
 
 [sic]
 
 by either party in any divorce action which either may bring against the other and must be made a part of any divorce decree as a complete and final adjudication of the matters contained herein until the further order of the court”. The judgment of divorce obtained by the husband in Nevada, on which this action by the former wife is based, finds that this agreement was made by the parties, states the legal effect of its provisions in full without copying them, including that for payment of $75 per month to plaintiff here, and declares “that said agreement should be and the same is hereby ratified and confirmed and made a part of the decree of this court”. The judgment contains also this provision: “It is further ordered and decreed that the property settlement between the parties hereto [identifying it] be filed in this action and the same be and' it hereby is incorporated in and made a part of this decree in so far as the same relates to the property settlement between the parties hereto and the alimony of $75.00 per month therein provided for.”
 

 Plaintiff brings this action on this judgment to recover unpaid instalments of the alimony thus mentioned, on the theory that the judgment awards to her these sums to be paid by her former husband. Defendant contends that no such provision is to be found in the judgment, the important parts of which we have above stated or quoted. Plaintiff’s contention in this respect must be sustained. "While the judgment does not in so many words provide for the making of these monthly payments, it does so by necessary implication from what is stated therein. The case is substantially the same as
 
 Tripp
 
 v.
 
 Superior Court,
 
 (1923) 61 Cal. App. 64, 67 [214 Pac. 252]. There the interlocutory judgment of divorce, after setting forth in full the property settlement
 
 *Supp. 754
 
 agreement, which provided (as here) that it should be approved by the court and embodied in the decree, went on to order that the plaintiff “take all the community property as set forth in said property settlement and agreement as aforesaid”. One of the terms of the agreement was that the husband should pay certain debts which were charged against the property given the wife. Holding that this judgment contained an order for payment, on which the husband could be held in contempt for nonpayment, the court said: “It is true that neither of the decrees contained such an order in express terms, but we are nevertheless of the opinion that the petitioner’s contention cannot be upheld. The agreement recited the fact that a divorce action was pending between the parties and contained a formal stipulation that it should be subject to the approval of the court and that, when so approved, it should be embodied in the decree in the divorce action. This stipulation surely contemplated that the terms of the agreement, when it should be embodied in the decree, should have the compelling power of the court behind its every covenant. ... we are convinced that the terms of the agreement, except in so far as they were executed either before or at the time of the interlocutory decree, became enforceable as mandates of the court.” This case was approved and followed in
 
 Ex parte Weiler,
 
 (1930) 106 Cal. App. 485, 488 [289 Pac. 645].
 
 Tripp
 
 v.
 
 Superior Court, supra,
 
 has been distinguished for various reasons and therefore not followed in
 
 Andrews
 
 v.
 
 Superior Court,
 
 (1930) 103 Cal. App. 360, 365 [284 Pac.
 
 494]; Schnerr
 
 v.
 
 Schnerr,
 
 (1932) 128 Cal. App. 363, 367 [17 Pac. (2d) 749], and
 
 Baxter
 
 v.
 
 Baxter,
 
 (1935) 3 Cal. App. (2d) 676, 685 [40 Pac. (2d) 536].
 
 DeHaven
 
 v.
 
 Superior Court,
 
 (1931) 114 Cal. App. 253 [300 Pac. 95], on which defendant relies, does not actually hold anything on this point. The ground of distinction of the cases is thus stated in
 
 Baxter
 
 v.
 
 Baxter, supra,
 
 at page
 
 682:
 
 “Where a property settlement agreement contains a provision that it shall not go into effect until it is approved by the court, and is therefore rather in the nature of a stipulation of the parties than a final agreement, and the complaint in a divorce action contains the proper allegations and prayer looking toward the settlement of the property rights of the parties, an order of the court that the terms of the contract be carried out will be implied from the incorporation of the agreement
 
 *Supp. 755
 
 in the decree, either bodily or by reference. (Citing the Tripp and Weiler eases.) But if the agreement is complete in itself, without reference to action by the court, and the plaintiff does not ask for a property settlement, the court does not, by merely approving the settlement, or even by incorporating it in the decree, order the performance of the contract. (Citing the Andrews, Schnerr and DeHaven cases.) ”
 

 Accepting this as a proper ground of distinction, it is obvious that the agreement in the case at bar is not “complete in itself, without reference to action by the court”, for it provides that it “must be made a part of any divorce decree as a complete and final adjudication of the matters contained herein until the further orders of the court”. The pleadings in the Nevada action are not before us, but we must presume that they are sufficient to justify the provisions of the judgment and make them effective. The judgment here goes farther than merely to declare the agreement a part of the decree, without setting forth its terms, and on this ground also the present case is distinguishable from some of those above cited. The judgment here sets forth fully the husband’s agreement to pay plaintiff $75 per month and then provides that the agreement is “incorporated in and made a part of this decree in so far as the same relates to . . . the alimony of $75.00 per month therein provided for”. We have no difficulty in seeing here such a judgment for the recovery of the payments of $75 per month provided in the agreement and recited in the judgment as will support an action on the judgment to recover those payments. Whether a contempt charge could be based on failure to make them we need not and do not decide.
 

 It appears here that a divorce was granted to the husband for some fault of the wife, the nature of which is not stated, and defendant contends that for this reason the court had no power to grant permanent alimony to the wife. In California it is unquestionably the rule that when a divorce is granted to the husband for an offense of the wife, the court has no power to require the husband thereafter to pay alimony or support money to his former wife.
 
 (Everett
 
 v.
 
 Everett,
 
 (1877)
 
 52
 
 Cal. 382;
 
 Ex parte Spencer,
 
 (1890) 83 Cal. 460, 464 [23 Pac. 395, 17 Am. St. Rep. 266] ;
 
 Lampson
 
 v.
 
 Lampson,
 
 (1915) 171 Cal. 332 [153 Pac. 238];
 
 *Supp. 756
 

 McKannay
 
 v.
 
 McKannay,
 
 (1924) 68 Cal. App. 701, 705 [230 Pac. 214] ;
 
 In re McKenna,
 
 (1931) 116 Cal. App. 232 [2 Pac. (2d) 429];
 
 Schluter
 
 v.
 
 Schluter,
 
 (1933) 130 Cal. App. 780, 785 [20 Pac. (2d) 723] ;
 
 Marrs
 
 v.
 
 Superior Court,
 
 (1934) 137 Cal. App. 579, 581 [30 Pac. (2d) 1030] ;
 
 Gaudio
 
 v.
 
 Gaudio,
 
 (1934) 138 Cal. App. 289 [32 Pac. (2d) 156].) These decisions are based on our statutory provisions, section 139 of the Civil Code authorizing orders for the support of the wife after divorce being limited to cases “where a divorce is granted for an offense of the husband”, and there being no provision for permanent alimony in any other case. But to this rule there is an exception in California where husband and wife have made a property settlement agreement and provided that it may be incorporated in the judgment of the court. In such a case the judgment of divorce may properly provide, even where the divorce is granted to the husband, that he shall make such payments to the .wife as are called for by the agreement. The judgment in such a case is altogether independent of statute and rests upon the contract for support, but is, nevertheless, valid.
 
 (Hogarty
 
 v.
 
 Hogarty,
 
 (1922) 188 Cal. 625 [206 Pac. 79];
 
 Parker
 
 v.
 
 Parker,
 
 (1921) 55 Cal. App. 458 [203 Pac. 420];
 
 Johnson
 
 v.
 
 Johnson,
 
 (1930) 104 Cal. App. 283, 287 [285 Pac. 902];
 
 Johnson
 
 v.
 
 Superior Court,
 
 (1933) 128 Cal. App. 584, 586 [17 Pac. (2d) 1055]; see, also,
 
 Marrs
 
 v.
 
 Superior Court, supra; Gaudio
 
 v.
 
 Gaudio, supra.)
 
 The parties have not cited, and after some research we have not found, any Nevada decision on the power of the court in a divorce action to require a husband who obtains a divorce from his wife to make payments for her future support. The general California rule above statech app ears to prevail in many other states, in the absence of statute to the contrary. (19 Cor. Jur. 244.) The statutes of Nevada appear to contain no express provision covering the subject. There is no provision, such as our Civil Code, section 139, limiting the wife’s permanent alimony to cases where she obtains the divorce. Section 9463, Nevada Compiled Laws of 1929 (Hillyer), seems to authorize such awards - of property “as shall appear just and equitable”, and section 9465 of the same compilation authorizes the court to set apart such property for the wife's support “as shall be deemed just and equitable”, apparently without limitation to cases where the wife obtains the divorce. These
 
 *Supp. 757
 
 statutory provisions favor, rather than prevent, the operation in Nevada of the exception declared by the California eases last cited, which permits a monetary award against an innocent husband to the extent of any agreement the parties have made therefor. In the absence of any Nevada decision to the contrary we regard the exception as operative there and this judgment as valid.
 

 The judgment is affirmed, respondent to recover her costs of appeal.
 

 Schauer, J., concurred.