[Civ. No. 2209. Fourth Appellate District.—April 26, 1938.]

FRANCES A. HARWELL, Appellant, v. RANDLE C. HARWELL, Respondent.

William E. Prather for Appellant.

Martin C. Thuesen for Respondent.

MARKS, J.—This is an appeal from a judgment entered after a demurrer to plaintiff's second amended complaint had been sustained without leave to amend.

Plaintiff brought this action to set aside and vacate an interlocutory decree which gave her husband, Randle C. Harwell, a divorce on the ground of desertion and awarded her permanent support in the sum of $60 per month. The sole ground for setting aside the interlocutory decree, attempted to be stated in the second amended complaint, is mistake of law on the part of her attorney and of the trial judge who presided over the trial of the divorce action in granting alimony to a wife when her husband had been given an interlocutory decree of divorce because of desertion on her part. It is not suggested that there was any lack of jurisdiction of the divorce court or that the evidence failed to support the findings as to the desertion by the wife. There is no intimation of fraud or mistake on this phase of the case.

 It is admitted that an innocent husband who is given a divorce from a guilty wife because of her desertion cannot be compelled to pay her permanent support money after the divorce. If the interlocutory decree attempts to award the guilty wife support money that portion of it is void. (*Lampson* v. *Lampson,* 171 Cal. 332 [153 Pac. 238]; *Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902]; *Johnson* v. *Superior Court,* 128 Cal. App. 584 [17 Pac. (2d) 1055]; *Schluter* v. *Schluter,* 130 Cal. App. 780 [20 Pac. (2d) 723]; *Gaudio* v. *Gaudio,* 138 Cal. App. 289 [32 Pac. (2d) 156].)

 It must be admitted that the portion of the interlocutory decree affecting the marital status of the parties is valid and binding and that the portion of the decree awarding support money to the wife is void on its face.

In *Corbett* v. *Corbett,* 113 Cal. App. 595 [298 Pac. 819], an action involving the validity of a divorce decree, it is said:

"It is true that a judgment of divorce which is not void on its face may not be impeached collaterally. (9 Cal. Jur. 750, sec. 103.) But a judgment which is void on its face is a mere nullity, and may be collaterally attacked. In 1 Freeman on Judgments, page 643, section 322, it is said: 'A judgment void upon its face and requiring only an inspection

of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification.'

''So, also, a judgment which appears upon its face to be partially void, may be challenged collaterally with respect to the void provision when it can be readily severed from the valid portion thereof. In 1 Freeman on Judgments, at page 648, section 324, it is said: 'With respect to the relief granted a judgment is likewise divisible. It may be good in part and bad in part. As to some of the relief it may be wholly worthless and at the same time be free from invalidating faults as to other matters adjudicated. If the void portion of the judgment does not infect the whole with invalidity and may be separated from the remainder and treated as surplusage, the judgment will not be avoided *in toto,* but will be upheld as to that portion which was within the jurisdiction and power of the court to render.' ''

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1938.