[Civ. No. 7048. Fourth Dist. Feb. 26, 1963.]

VIRGIL E. OYLER, Plaintiff and Appellant, v. MARGARET
RUTH OYLER, Defendant and Respondent.

Jess G. Sutliff and Verne Summers for Plaintiff and Appellant.

Boyd A. Taylor for Defendant and Respondent.

MONROE, J. pro tem.*—The parties hereto are husband and wife. The husband filed an action for divorce upon the ground of extreme cruelty. The parties were married in October 1956 and separated in June 1961. The defendant wife filed an answer denying the allegations of cruelty and taking issue as to the extent of the community property. She also filed a cross-complaint for separate maintenance on the ground of extreme cruelty.

A judgment was entered granting a divorce to the husband and giving no relief to the wife on her cross-complaint. The judgment also provides for payments to the wife and makes an adjudication as to the community property. The husband appeals only from that portion of the judgment which it is claimed awards alimony to the wife. The wife seeks only to resist the claims of the husband with reference to payments to be made to her.

At the trial there was produced evidence ample to justify the award of a divorce to the husband. His main contention was that the wife was guilty of habitual intemperance and that while intoxicated she had done a number of acts constituting cruelty. One of the main issues involved at the trial was the question of community property. The husband alleged in his complaint that the community property con-

*Assigned by Chairman of Judicial Council.

sisted of miscellaneous household furniture. This allegation was denied and the wife alleged that in addition to the household furniture the parties owned as community property an automobile sales agency and a vacant lot. Evidently for the purpose of determining the status of the sales agency, the husband produced in evidence a written property settlement agreement which he had caused to be prepared and which the wife had signed. By this agreement she purported to relinquish all claim of interest in the sales agency and relieved the husband of all claim for support and maintenance. She was to receive one-half of the household furniture and nothing else. In connection with the introduction of this document the husband testified that he had caused the agreement to be prepared by his attorney, had presented it to his wife for signature, and that he had told her at the time that if she would sign it he would give to her such sums of money as might be necessary to assist her in freeing herself from the alcohol habit.

The court found that the automobile sales agency was community property and that the vacant lot had been used for defraying community obligations. The judgment, after awarding the plaintiff husband a divorce, provides:

"1. That plaintiff pay to defendant, ~~by way of defendant's share of the community property~~ [*sic*] alimony in the sum of $300 per month, payable not later than the 10th day of each and every calendar month, commencing October 1961, and continuing until October 1966 at which time said alimony payments shall cease. Provided further, that if the defendant re-marries during such period, alimony as such shall terminate forthwith, and provided further that in the event of the re-marriage of said defendant as aforesaid, and termination of said alimony payments, that thereafter plaintiff shall pay to defendant the sum of $4500 in equal monthly installments of $300 payable on the 10th of each calendar month until paid in full as further payment of defendant's share of community property of the parties."

The appellant has appealed from this portion of the judgment, claiming that it is invalid because it is an award of alimony in favor of the wife and against the husband, who has prevailed in the divorce action. Section 139 of the Civil Code provides for the allowance of support and maintenance to be paid by the party against whom the decree or judgment is granted. █ It has been repeatedly held in this state that where a divorce is granted to the husband the

court has no authority to award alimony to the wife. (*Bratovich* v. *Bratovich*, 179 Cal.App.2d 420 [3 Cal.Rptr. 735]; *Harwell* v. *Harwell*, 26 Cal.App.2d 143 [78 P.2d 1167]; *Lampson* v. *Lampson*, 171 Cal. 332 [153 P. 238]; *Hamburger* v. *Hamburger*, 60 Cal.App.2d 530 [141 P.2d 453]; *McLaughlin* v. *Superior Court*, 128 Cal.App.2d 62, 65 [274 P.2d 745].)

The respondent wife seeks to uphold this provision for support on the theory that it was pursuant to an agreement by the husband. It is held that a decree for support may be properly entered pursuant to the agreement of the parties, even though an award of divorce be granted against the wife. (*Morrow* v. *Morrow*, 40 Cal.App.2d 474, 480 [105 P.2d 129]; *Carr* v. *Carr*, 165 Cal.App.2d 568 [332 P.2d 185]; *Johnson* v. *Johnson*, 104 Cal.App. 283 [285 P. 902].)

The wife contends that statements made by the husband at the time she was induced to sign the property settlement agreement amounted in effect to an oral agreement to pay alimony. This contention is untenable for a number of reasons. In the first place, the evidence fails to support that contention. The undisputed testimony of the husband at the trial was that he had stated to the wife that he would pay such expenses as were necessary to assist in her cure. Furthermore, it is to be noted that if any statements made at the time were to be construed as an agreement to pay alimony, they would be directly contrary to and at variance with the express terms of the written document. Pursuant to the parol evidence rule, no such contemporaneous oral agreement could be considered. (Code Civ. Proc., § 1856; Civ. Code, § 1625; 18 Cal.Jur.2d 737.) It is to be remembered that this rule is one of substantive law and not merely a rule of evidence. (*Harding* v. *Robinson*, 175 Cal. 534 [166 P. 808]; *Estate of Gaines*, 15 Cal.2d 255 [100 P.2d 1055]; *Hale* v. *Bohannon*, 38 Cal.2d 458 [241 P.2d 4].)

It is urged on behalf of the wife that these oral statements constituted a consideration for the signing of the agreement. It is true that generally the consideration for an agreement may be shown by oral testimony. [18 Cal.Jur. 2d 754.] This is not true, however, where such alleged oral agreement would, if enforced, destroy the legal effect of the written agreement or, where the consideration set forth in the written agreement is of a contractual nature, fully expressed, and parol evidence of an additional agreement

would vary those terms of the contract. (18 Cal.Jur.2d 756; *Field* v. *Austin*, 131 Cal. 379 [63 P. 692].) In any event, it is to be noted that the trial court did not accept the property settlement agreement. Despite the express terms of that agreement the court found that the automobile agency was community property. A number of reasons might be advanced for this action in the trial court. The court might have felt that undue advantage was taken of the wife under the circumstances or it might be felt that statements made by the husband relative to expenditures were made without an intent of performing the same. The court probably noted that it was without consideration. In either event the court was justified in disregarding that contract.

 One additional question confronts this court, however. It is to be noted that certain language was stricken from the form of the judgment. It appears from the record that the judgment was prepared by counsel for the wife and presented to the court for signature, and that the court struck out the language indicating that the amounts to be paid were in settlement of the wife's community interest. That fact and the fact that the payments are designated as "alimony," and that there is provision for the termination of the payments in case of the remarriage of the wife, are persuasive that this provision of the decree is alimony and nothing else, which was beyond the power of the trial court. There is added, however, the language that in case of the termination of the alimony payments the sum of $4,500 in monthly installments of $300 shall be paid "as further payments of defendant's share of community property of the parties."

Although there is a finding that the automobile agency is community property, the court has made no finding as to its value. Whether the trial court intended that the sum of $4,500 was the value of the wife's community interest or whether it was intended that a part of the other payments were to be considered as partly in settlement of property rights, is impossible to determine. As a result, if any part of this judgment could be segregated as an award for community property rights, it appears to be unsupported by sufficient findings.

That portion of the judgment appealed from is reversed and the cause is remanded to the trial court with instructions to take such further proceedings as may be necessary to determine a proper division of the community property

or the amount, if any, to be awarded to the wife in lieu of such division.

The portion of the judgment appealed from is reversed with directions. Each party to pay his own costs on appeal.

Griffin, P. J., and Coughlin, J., concurred.