[Civ. No. 7073.   Fourth Dist.   Apr. 24, 1963.]

EARL EUGENE SMITH, Plaintiff and Respondent, v. LUCILLE M. SMITH, Defendant and Appellant.

Robert M. Castle for Defendant and Appellant.

Chapman & Sprague and H. M. Peccorini for Plaintiff and Respondent.

BROWN (Gerald), J.—The parties to this suit were married shortly over a year when plaintiff husband sued his wife for divorce on the ground of extreme cruelty. The defendant, through her guardian *ad litem,* answered with a denial, and alleged insanity and waiver as affirmative defenses. Defendant did not file a cross-complaint. The parties had no children as a result of their marriage.

Evidence supporting plaintiff's cause of action established that defendant was extremely careless in personal and household cleanliness. She often left food in the refrigerator for weeks; it spoiled and she failed to clean it up. Clothes, both clean and dirty, were frequently scattered on the closet and bedroom floors of their new house trailer. Plaintiff often found dirty breakfast and lunch dishes on his return in the evening. He complained of a "coldness" between them and that her personal uncleanliness made sleeping with her difficult, but he had no choice since there was only one bed. An independent corroborating witness testified that plaintiff was calm and good humored before marriage, but became quiet, nervous and depressed afterward.

Before the marriage defendant had been hospitalized for nervous breakdowns and was released cured. She received psychiatric treatment before and after marriage. She lost no time from her work. Plaintiff knew of her mental difficulties before he married her. He knew she was remiss in personal and household cleanliness before marriage, but he warned her he expected this to improve if she was going to quit work and marry him, and she agreed to do so. Defendant's pregnancy was an inducing factor of the marriage, but this resulted in a miscarriage.

The court found defendant sane, and granted an interlocutory decree of divorce to plaintiff, dividing the small quantity of community property equally. No alimony was awarded to defendant.

Defendant contends the evidence did not establish that she

treated her husband with extreme cruelty. ▮ An appellate court's inquiry begins and ends with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the trial court's finding. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].) ▮ Unless the evidence is so slight as to indicate an abuse of discretion, this finding will not be disturbed. (*Keener* v. *Keener,* 18 Cal.2d 445, 447 [116 P.2d 1].) ▮ The discretion of the trial court in determining whether extreme cruelty is established is to be afforded considerable latitude, since it is in a position to hear the testimony, observe the witnesses, and evaluate their candor and personal characteristics. (*Polk* v. *Polk,* 50 Cal.App.2d 653, 657 [123 P.2d 550]; *Speer* v. *Speer,* 209 Cal.App.2d 233, 236-237 [25 Cal. Rptr. 729].) ▮ There are no arbitrary rules for determining what evidence establishes grievous mental suffering. *Ungemach* v. *Ungemach,* 61 Cal.App.2d 29 [142 P.2d 99], at page 34 states:

". . . a correct decision in such cases depends upon the sound sense of justice of the trial court and that in each case it is a pure question of fact to be deduced from all the circumstances of each particular case, keeping in mind always the intelligence, apparent refinement and delicacy of sentiment of the complaining party. [Citations] . . . while the state of the evidence may have been such as would have supported an adverse finding of cruelty, it is also legally sufficient to sustain an affirmative finding on that issue; therefore the trial court's conclusion is binding on appeal." (See also *Harris* v. *Harris,* 210 Cal.App.2d 559, 563 [26 Cal. Rptr. 882].)

Under the foregoing rules, the trial court's finding of extreme cruelty cannot be disturbed.

Appellant contends that her conduct is excused by insanity. The trial court found her sane, and the record supports this finding.

▮ Appellant further contends that the respondent knew of her objectionable traits prior to their marriage, and such antenuptial knowledge is a ground for denying the divorce. Civil Code, section 111 does not include antenuptial knowledge as a statutory ground for denial of divorce. Of the statutory grounds, condonation would appear most analogous to appellant's situation. However, even this analogy will not avail the appellant, since condonation is revoked when the condonee repeats the acts in question. (Civ. Code, § 121.)

Appellant's theory that marriage in spite of the antenuptial knowledge constitutes waiver of the present grounds for divorce ignores the respondent's warning to the appellant that her houskeeeping would have to improve after they were married.

Lastly, the appellant argues that she should have been awarded alimony. ▇▇▇ When a divorce is granted to the husband the court is without authority to award alimony to the wife. *(Oyler* v. *Oyler,* 213 Cal.App.2d 382, 384-385 [28 Cal. Rptr. 778]; *Bratovich* v. *Bratovich,* 179 Cal.App.2d 420 [3 Cal.Rptr. 735]; *Harwell* v. *Harwell,* 26 Cal.App.2d 143 [78 P.2d 1167]; *Lampson* v. *Lampson,* 171 Cal.332 [153 P.238]; *Hamburger* v. *Hamburger,* 60 Cal.App.2d 530 [141 P.2d 453] and *McLaughlin* v. *Superior Court,* 128 Cal.App. 2d 62, 65] [274 P.2d 745].)

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.